## W. Showalter v. Allan McDonnell.

### No. 3191.

Statute of Frauds—Sale of Land.—By parol McDonnell agreed to pay Showalter $2000 in consideration of his making to McDonnell and his sister a deed conveying his interest in a designated league of land, and procuring a like deed from two other persons. In accordance with the parol contract the deeds for the land were executed, and payment was refused. Held, that after the delivery of the deeds the statute of frauds had no application. The purchase money may be collected notwithstanding the absence of a promise to pay in writing.

Appeal from Webb. Tried below before Hon. A. L. McLane. The opinion gives a statement.

*Nicholson & Dodd,* for appellant.—1. A promise to pay for land need not be in writing to charge the promisor. Adkins v. Watson, 12 Texas, 199; Thomas v. Hammond, 47 Texas, 42; Fulton v. Robinson, 55 Texas, 401; Whitbeck v. Whitbeck, 18 Am. Dec., 503.

2. The appellant having agreed to sell or release an interest or claim to land in consideration that appellee would pay him $2000, and having made and delivered his deed, which was accepted, fixes the liability of appellee to pay the agreed price.

*Atlee & Earnest,* for appellee.—1. A parol agreement for sale and purchase of land to be consummated in the future is within the statute of frauds; and being executory on both sides, action on the agreement can not be maintained. Rev. Stats., art. 2464, subdiv. 4; Bradley v. Owsley, 74 Texas, 69; Brock v. Jones, 8 Texas, 78; Martin v. White, 20 Texas, 174; Morris v. Gaines, 82 Texas, 255; Becker v. Mason, 30 Kans., 697.

2. An action on a contract by parol for the sale and purchase of land can not be maintained by the vendor, who, merely complying with the terms of such contract, has done all he can in performance of his part thereof, when it is not shown that the vendee has done any act of performance on his part. Such performance on the part of the vendor is not a part performance which will take the parol contract out of the statute, and in such case it is not a fraud for the vendee to refuse to execute such parol contract. De Cordova v. Smith, 9 Texas, 129; Westmoreland v. Carson, 76 Texas, 619; Morris v. Gaines, 82 Texas, 255; Brock v. Jones, 8 Texas, 78; Atlee v. Bartholomew (Wis.), 5 Am. Rep., 103; Townsend v. Corning, 23 Wend., 435; Sausser v. Steinmetz (Pa.), 18 Am. Law Reg., 355; Brown on Frauds, sec. 115.

3. Part performance of a parol contract for sale and purchase of land does not necessarily take the contract out of the statute of frauds; and such contract will not be enforced on account of part performance

thereof unless it be necessary to prevent fraud.    The facts of this case
do not show the appellant to have altered his situation on the faith of
the oral agreement for the sale and purchase of the land to such an
extent that it would be a fraud on the part of the appellee to set up
its invalidity.    Brown v. Hoag, 35 Minn., 373; Slingerland v. Slinger-
land (Minn.), 39 N. W. Rep., 146; Daniels v. Lewis, 16 Wis., 146;
Paine v. Wilcox, Id., 215; Popp v. Swanke (Wis.), 31 N. W. Rep., 916;
Birkbeck v. Kelley (Pa.), 9 Atl. Rep., 313; Green v. Graves (Ind.), 10
N. E. Rep., 401.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the ap-
pellant to recover the sum of $2000 alleged to be due him on account
of a parol agreement made with the appellee, to the effect that said
sum would be paid appellant in consideration of his making to the ap-
pellee and his sister Mary McDonnell a deed conveying his interest in
a designated league of land, and procuring a like deed from two other
persons named.    The petition charged that the deeds were executed
and delivered according to the terms of the agreement, and that the
defendant had refused to pay the consideration.

The cause was tried without a jury, and the following conclusions of
fact were filed by the judge:

"I find from the evidence that the material allegations in plaintiff's
petition have been proved substantially as alleged, to-wit:

"1.    That the agreement for the sale and purchase of the land de-
scribed in plaintiff's petition was made as alleged, and that the plaint-
iff executed his part of the agreement before the 1st day of January,
1890.

"2.    That the defendant made such agreement with the plaintiff
through his agent; that the agreement between the agent and plaintiff
was a verbal one, and that said agent's authority from defendant was
verbal only.

"3.    That the consideration agreed to be paid by the defendant to
plaintiff was the sum of $2000, payable ninety days from January 1,
1890, and that same has not been paid."

The judge filed the following conclusion of law, and rendered judg-
ment accordingly:    "From which facts my conclusion of law is, that
the plaintiff can not maintain his action in this court, because the
agreement upon which the same is brought or some memorandum is
not in writing signed by defendant."

By the finding that plaintiff executed his part of the agreement
within the stipulated period of time, it appears that he delivered to
the defendant the deeds contracted for.    Such finding necessarily in-
cludes an acceptance of the deeds by the defendant, as there could not
have been a delivery without such acceptance.    After such delivery

and acceptance the statute of frauds had no application. In such cases the purchase money may be collected, notwithstanding the absence of a promise in writing to pay it. Adkins v. Watson, 12 Texas, 199; Fulton v. Robinson, 55 Texas, 401.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 29, 1892.