## New York and Texas Land Company v. W. C. Dooley.

ecided December 2, 1903.

**1.—Idem Sonans.**

"Doorley" and "Dooley" are idem sonans.

**2.—Statute of Frauds.**

A contract for the lease of lands which showed no agreement to lease for a longer term than one year, but that it could have been terminated at any time by appellee entering into possession, and that it was not an agreement which was not to be performed within the space of a year, is not within the statute of frauds.

**3.—Practice—Pleading—Demurrer.**

Supplemental petition setting up an agreement of the kind mentioned was not subject to demurrer for not alleging that the agreement was in writing; that was matter of proof.

**4.—Field Notes—Evidence.**

All the proof showing that "Doorley" named in the patent was the identical "Dooley" named in the field notes there was no error in the admission in evidence of the field notes as recorded in the county surveyor's office.

**5.—Sale—Charge of Court.**

On the evidence the trial court did not err in refusing a special charge submitting a sale and purchase of the land.

**6.—Same—Limitations.**

The testimony showing that T., under whom appellant claimed, was a tenant of appellee and that he never repudiated his tenancy, limitations was not an issue in the case.

Appeal from the District Court of Kinney. Tried below before Hon. J. M. Goggin.

*West & Cochran*, for appellant.

*J. S. Morin, E. O. Jones*, and *Joseph Jones*, for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to eighty acres of land which was instituted by appellee against appellant, and which resulted in a verdict and judgment for appellee.

The land in controversy was patented to appellee by the State of Texas on August 3, 1880. Appellant claims the land through a deed from Philip Palmer and wife.

In the patent to the land the name of appellee was written "Doorley" instead of "Dooley," and the second assignment of error is based on this mistake. The names are idem sonans. Cline v. State, 31 S. W. Rep., 175; Galveston, H. & S. A. Ry. Co. v. Daniels, 1 Texas Civ. App., 695; Russell v. Oliver, 78 Texas, 16.

In the original field notes of the surveyor upon which the patent is based the name is spelled correctly and the identity of the man to whom the patent was issued with appellee was clearly proven. Palmer, the witness for appellant, swore that the land was located by W. C. Dooley, and also intimated that he had bought the land from Dooley. There can be no doubt that appellee is the man to whom the land was patented. Appellee alleged that Palmer agreed to look after the land for him

and to pay taxes on it for the use of it, and appellant in his first and twelfth assignments of error seeks a review of the action of the court in not sustaining a demurrer to the supplemental petition, and in not instructing a verdict for appellant, on the ground that the allegations showed an agreement within the purview of the statute of frauds. There was no agreement to lease the land for a longer term than one year, but it could have been terminated at any time by appellee entering into possession. Neither was it an agreement which was not to be performed within the space of a year from the making thereof. Railway Co. v. Wood, 88 Texas, 191.

The supplemental petition, which set up the agreement above mentioned, was not subject to demurrer for not alleging that the agreement was in writing; that was a matter of proof. Dogget v. Patterson, 18 Texas, 158; Cross v. Everts, 28 Texas, 523; Gonzales v. Chartier, 63 Texas, 36; Robb v. Railway Co., 82 Texas, 392.

Appellant objected to the admission in evidence of the field notes of the land in controversy recorded in the county surveyor's office on the grounds that the recitals therein could not be used to show a mistake in the name in the patent and was irrelevant and incompetent. The objections are without merit and were properly overruled. The patent was based on the field notes and we think they were clearly admissible. The whole of the testimony outside of the field notes showed beyond the peradventure of a reasonable doubt that appellee was the person referred to in the patent, and if the field notes had not been admitted the jury must necessarily have found that "Doorley" was intended for "Dooley." All the evidence tending to prove that fact there was nothing for a jury to find in connection with it, and the court very properly refrained from submitting the matter to the jury.

The witness Palmer did not swear that he bought the land from Dooley, and while evidently desiring to create the impression that he might have bought the land, he would not swear that he paid anything for the land, that he got a deed to it, or even that there was ever a verbal sale to him by Dooley. His testimony was too vague and uncertain to raise an issue of a purchase on his part. If he did not remember getting a deed to the land, appellant could not have expected the jury to find that one was executed. The special charges raising the issue of a sale were properly refused.

The charge is not open to the criticisms urged against it by appellant. There was testimony to show that Palmer was a tenant of appellee and that he did not repudiate his tenancy and consequently the statute of limitations did not begin to run. The court did not interfere, in the instructions, with the power of the jury to pass upon these facts. The judgment is affirmed.

*Affirmed.*

Writ of error refused.