## JOHN H. BELCHER v. F. W. SCHMIDT.

### Decided October 22, 1910.

**1.—Statute of Frauds—Parol Sale of Land—Public Lands.**

A lessee of public school lands, for a promised consideration, sold his rights under the lease, delivered possession of the land to the vendee and complied with and fulfilled all of his obligations under the contract of sale in assisting the vendee to acquire title from the State; the vendee took possession of the land, occupied and used the same, and accepted the services of the vendor in buying the land from the State. In a suit for the promised consideration, held, if the agreement when first made came within the purview of the statute of frauds invalidating parol sales of land, the statute had no application after the vendor had fully performed the obligations imposed upon him by the terms of the contract and the vendee had accepted the benefits of such performance.

**2.—Vendor and Vendee—Sale of Lease—Consideration—Pleading.**

In a suit for the promised consideration for the sale or transfer of a lease of public school land, petition considered, and held not subject to general nor to certain special exceptions urged.

Appeal from the District Court of Dawson County. Tried below before Hon. James L. Shepherd.

*J. E. Garland,* for appellant.

*S. A. Penix* and *S. H. Morrison,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—John H. Belcher sued F. W. Schmidt, alleging in his petition that he entered into a parol contract with the defendant, by the terms of which plaintiff agreed to transfer to the defendant a certain lease then held and owned by plaintiff on four tracts of land belonging to the public free school fund of the State, and also to aid and assist the defendant to purchase the land from the State, and that in consideration therefor defendant agreed to pay plaintiff at the rate of one dollar per acre for all of said land which defendant should

so purchase as soon as he should acquire title from the State. Plaintiff further alleged that at the time said agreement was made he was in possession of all the information relating to the time and manner of the sale of the land by the State; that defendant desired to purchase it, but was not informed as to the time and manner it would be sold. It was averred further that in pursuance of the agreement plaintiff executed and delivered to defendant a transfer in writing conveying plaintiff's rights under the lease; also delivered to defendant possession; that defendant immediately took possession of the land and held and enjoyed the same together with all the fruits thereof. According to other allegations in the petition the agreement between plaintiff and defendant was made December 20, 1904; the transfer of the lease was made on or about the same date; the Commissioner of the General Land Office advertised the land to be sold to the highest bidder on April 20, 1906, and on that date defendant purchased a large portion of it for $2 per acre upon his written applications therefor which were forwarded by him to the Land Commissioner. Plaintiff alleged that after the land was advertised for sale he, in pursuance of said agreement, advised, counseled and aided defendant in the preparation of his applications to purchase it, and that during the preparation of the applications defendant was about to submit bids to purchase the lands at five dollars per acre, but was induced by plaintiff to refrain from so doing and to bid two dollars per acre only.

In an alternative plea plaintiff alleged that the lease transferred by him to defendant together with the services rendered by him in aiding defendant to purchase, mentioned above, were reasonably worth one thousand seven hundred and fifty dollars, for which sum he prayed judgment in the event he should be denied a recovery on the alleged contract. A failure and refusal by defendant to pay plaintiff any sum for the transfer of the lease or for services rendered by plaintiff in pursuance of said agreement was also alleged.

The trial court sustained a general demurrer to the suit to recover on the alleged contract, also sustained all of defendant's special exceptions to both counts in the petition, and, plaintiff having declined to amend, judgment was rendered which was essentially a dismissal of plaintiff's suit. From that judgment plaintiff has prosecuted this appeal.

The contention presented by one of the special exceptions was that the contract alleged being in parol could not be enforced because in contravention of the statute of frauds. Accepting the allegations in the petition as true, plaintiff had transferred the lease to the defendant, delivered possession of the land and had rendered all the services which he had agreed to perform. Defendant had accepted the lease, had gone into possession of the land and had used it. If, in any event, it could be said that the agreement when first made came within the purview of our statute of frauds (Sayles' Texas Civil Statutes, article 2543), that statute had no application after plaintiff had fully performed the obligations imposed upon him by the terms of the contract and defendant had

accepted the benefits of such performance.  Showalter v. McDonnell, 83 Texas, 158.

There was also error in the rulings of the trial court upon special exceptions in holding that the petition failed to show any benefits accruing to defendant by the performance of plaintiff's obligations under the contract; that the petition was insufficient in that it failed to allege how much plaintiff claimed for his advice given defendant to bid two dollars per acre only for the land; that it failed to show what obligations imposed upon him by the contract were discharged; and that the alternative plea to recover on a *quantum meruit* was insufficient in failing to itemize separately the values of the counsel, the advice, and other assistance rendered to defendant, and the value of the lease transferred.  In view of the allegations contained in the petition above noted, there was no merit in the defendant's general demurrer.

For the errors indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*