### FAHEY v. BENEDETTI et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1913. Rehearing Denied Dec. 20, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENT OF ERROR—REVIEW.

An assignment of error that the court erred in directing a verdict on the ground that the evidence was sufficienty conflicting to go to the jury will not be considered on appeal, where the assignment does not refer to the paragraphs of the motion for new trial in which the questions were presented to the trial court, and the statement does not contain such reference, and the motion contains no reference to the ground urged in the assignment, and the assignment is followed by propositions casting no light on the matter and by a statement failing to comply with the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. VENDOR AND PURCHASER (§ 315*)—CONTRACTS—EVIDENCE.

In an action by a vendor for the price, evidence held to show performance by the vendor, and that, out of the payment made by the purchaser to the holder of the deed in escrow, taxes on the land and incumbrances were to be paid, so that the purchaser would acquire a good title, authorizing a recovery.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 928–931; Dec. Dig. § 315.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS—REVIEW.

An assignment of error, which attacks the judgment as unsupported by the evidence, will not be considered where no statement is made under the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS—REVIEW.

An assignment that the court erred in overruling the special exception of defendant to plaintiff's failure to allege a contract in writing will not be considered, where no statement is submitted and the court on appeal does not know to what ruling complaint is made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. FRAUDS, STATUTE OF (§ 150*)—DEMURRER—GROUNDS.

Where the petition did not show that a contract for the sale of real estate was oral, an exception to the petition for failure to allege a contract in writing was properly overruled.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 360–362; Dec. Dig. § 150.*]

6. SPECIFIC PERFORMANCE (§ 114*)—SALE OF REAL ESTATE—PERFORMANCE.

A petition, in an action for the failure of a purchaser of real estate to perform his part of the contract, which alleges the execution by the vendor of a deed to the premises and delivery thereof in escrow for delivery on conditions specified to the purchaser, and the delivery to the escrow holder by the purchaser of a check for delivery to the vendor on specified conditions, and which avers that the vendor removed to other premises after a sale of her personalty at a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

sacrifice, in reliance on the contract, and a delivery of the possession of the premises to the purchaser and his refusal to take possession and pay the money, alleges such performance by the vendor as will entitle him to specific performance, even if the contract was not in writing.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 356–370, 372; Dec. Dig. § 114.*]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Mollie C. Benedetti against D. Fahey and others. From a judgment for plaintiff, defendant named appeals. Affirmed.

John W. Campell, of Galveston, for appellant. Maco & Minor Stewart, J. E. Quaid, Homer Jones, and Louis Lobit, all of Galveston, and C. R. Edwards, of San Antonio, for appellees.

MOURSUND, J. Mollie C. Benedetti sued David Fahey, J. L. Boddeker, and J. E. Boddeker, the last two being partners under the firm name of J. L. Boddeker & Co., alleging that about March, 1912, Fahey purchased from her a lot in the city of Galveston; that she delivered the deed to J. L. Boddeker & Co. to be delivered to Fahey, which was done, and Fahey, as consideration for said deed, executed and delivered to Boddeker & Co., his check for $2,500, drawn on Ed. McCarthy & Co., Bankers, which check was received by said Boddeker & Co. in trust for plaintiff to be delivered to her; that Fahey stopped payment of the check, and refuses to pay for the property; that by reason of the premises Fahey is indebted to plaintiff in the sum of $2,500, and plaintiff tenders him possession of the premises as she has heretofore done; that as Boddeker & Co. refuse to deliver the check they are made parties to this suit; that it was understood and agreed between plaintiff and Fahey that the taxes and incumbrances against the property sold should be paid out of the $2,500 by Boddeker & Co., and the remainder was to be paid by them to plaintiff; that plaintiff sold her furniture and effects at a sacrifice, rented other property, removed to such other property such of her effects as remained unsold, all with Fahey's knowledge, and delivered to Fahey possession of the property sold him; that Fahey's refusal to pay the money and take possession of the property was for the sole purpose of acquiring for himself the property at less than $2,500, and was done willfully and maliciously for the purpose of harassing plaintiff; that plaintiff is about to lose her property by reason of the incumbrance against same, and, being aged, she suffered mental anguish and distress of mind to such extent as to impair her health. Plaintiff prayed for judgment for $2,500, the amount of the check, for $10,000 actual damages and $10,000 exemplary damages, and that the contract of sale be specifically performed, and for costs and general relief.

Fahey answered by general demurrer; a special exception that plaintiff in effect sues for specific performance of a contract to convey real estate, and there is no allegation of a contract signed by Fahey, or of such mutuality among the parties, as would entitle plaintiff to specific performance, and also because the terms and provisions of the contract are not alleged; a general denial; a special answer to the effect that if he bought the property it was with the understanding that the title should be perfect and be satisfactory to and approved by his attorney and the property vacated by plaintiff and delivered to Fahey, and that the title was imperfect and not approved by his attorney, there being at the time an incumbrance by mortgage for more than $2,000, as well as a lien for taxes, both of which liens were not released at the time of the alleged delivery of the property and the check, and in addition said property was the homestead of plaintiff, who was a married woman, incapable of selling same without her husband joining in the sale, and her husband did not join therein, and the property was not delivered to Fahey; a further special answer that the check was not delivered to Boddeker & Co. as plaintiff's agents, but merely to provide a way for Fahey's attorney to close the sale during Fahey's absence, he then being about to absent himself from the city for an indefinite time, and at the time plaintiff was in possession of the property and no rights in the check were intended to be vested in her unless Fahey's attorney should direct the same to be cashed or delivered to plaintiff; and further answering Fahey alleged that, if he ever bought said property, plaintiff so delayed in the delivery thereof and made accusations against Fahey of forcing her to make a sale to him at much less than the value of the property, that Fahey on account thereof, and because of the mortgages and tax liens, and because the title was not satisfactory to his attorney, declined to accept the property and demanded the return of his check, and it would be unjust to him to require him to pay for said property. He prayed that such sale, if any there was, be set aside, and the check canceled.

The court instructed a verdict for plaintiff for $2,500, with interest from March 1, 1912, at the rate of 6 per cent. per annum, out of which was to be returned to Fahey $106.63, taxes, and $2,109.37, the amount of the mortgage debt, and that title to the property be divested out of plaintiff and vested in Fahey. A judgment was entered upon this verdict, which provided for the payment of taxes and the mortgage debt by the clerk of the court out of the $2,500 when the same should be collected under execution, and that upon payment of the judgment the clerk should deliver Fahey the check, also that the judg-

ment should be satisfied upon the filing by Fahey of receipts showing the payment of the taxes and the mortgage debt and upon his paying the remainder of the judgment to the clerk together with the costs, and it was further ordered that J. L. Boddeker and J. E. Boddeker be dismissed from the case, and that they recover of Fahey all costs incurred by them. Fahey appealed.

[1] By the first assignment of error it is contended that the court erred in instructing a verdict for plaintiff, three grounds being urged, each being a contention that in a certain particular the evidence was sufficiently conflicting to go to the jury. The assignment does not refer to the paragraphs of the motion for new trial in which the questions were presented to the trial court for revision, nor does the statement contain such reference, and upon examination of the motion we find no reference to the last ground urged in the assignment of error as a reason why the verdict should not have been instructed for plaintiff. The assignment is followed by three propositions, all of which are mere abstract propositions of law, casting no light upon the matter under investigation. These propositions are followed by a statement which fails to comply with the rules, as it consists of appellant's conclusions concerning what the testimony shows, interspersed with arguments. Reference is incidentally made to the fact that the testimony of Fahey and that of plaintiff and J. L. Boddeker is set out in the brief, and we find the same in a "Statement of Material Facts," wherein appellant devotes 12 pages of the brief to a statement of all the testimony deemed material by him. No reference is made to the page or pages of the preliminary statement on which the matter bearing upon this assignment is to be found. In fact, we are left to search the entire preliminary statement to see whether any merit exists in any of the contentions attempted to be made by the assignment. Each issue raised by the assignment should have been presented by an appropriate proposition, and supported by a statement of the evidence relating to that particular issue. The assignment, not being briefed in accordance with the rules, should not be considered. We are, however, of the opinion that there is no merit in the two contentions which could have been presented under this assignment.

[2] We do not consider the evidence conflicting upon the issue whether the amounts due for taxes and incumbrance were to be paid out of the $2,500 to be paid by Fahey. Fahey testified he had no idea the money was to be paid out of his check, that he did not look at it in that way at all, and never paid any attention to it, that all he wanted to know was that the property was straight, and all he wanted Boddeker to do was to be guided by his attorney. His testimony is evasive when asked to state what occurred in Boddeker's office with respect to paying off the mortgage and tax liens out of the check, while Boddeker's testimony is clear and explicit, and the facts show beyond dispute that it was contemplated by all parties that the charges against the property should be paid out of the $2,500 to be paid by Fahey. He, as well as the other parties, knew that plaintiff had no way of paying such charges except out of the price received for her home. Fahey made his check payable to the Boddekers, instead of to plaintiff. It was undisputed that the Boddekers were stakeholders for the parties, intrusted by each with certain duties to be performed. For Fahey they were to see that not only the amounts due for taxes and incumbrance were paid, but also the amount due for the abstract of title. Fahey told Boddeker to get an abstract of title and deliver the same to his attorney, which was done. This is not disputed by Fahey. Why did he order the abstract of title? If plaintiff was unable to procure same, how was she expected to pay for same unless out of the proceeds of the sale? Why was the check made payable to the Boddekers if these charges were not to be paid out of same? No reason is given, and it is clear, even without the testimony of Boddeker, that the understanding was that the charges were to be paid by Boddeker out of the proceeds of the check, and Boddeker at once made out his checks and had them ready to close up matters as soon as plaintiff should move from the premises. The facts also show beyond dispute that Fahey's attorney had stipulated what must be done to have the title made satisfactory to him, and that nothing remained to be done except to pay off the taxes and furnish receipt and pay off the incumbrance of which he had himself drawn the release, and he knew and acquiesced in leaving it to the Boddekers to make such payments. He left a memorandum with them of the amounts to be paid to satisfy the mortgage debt. Further, it does not appear that plaintiff was to vacate the premises within any certain time, nor that she delayed unduly, nor that Fahey was in any way prejudiced by such delay as took place; that the Boddekers at his request nailed on the house upon the premises a "For Rent" sign, and it does not appear that any one wanting to rent was prevented from doing so by reason of plaintiff's slow removal therefrom.

[3] The second and third assignments also attack the judgment as unsupported by the evidence, but no statement of any kind is made under either of them, and they will not be considered.

[4] The fourth assignment reads as follows: "The court erred in overruling the special exception of defendant to plaintiff's failure to allege a contract in writing, because the plaintiff must, before being allowed to have contract specifically performed, show that it is of such character as entitled her to relief sought." No statement is submitted

under this assignment, and we do not know whether complaint is sought to be made of the overruling of the special exception hereinbefore stated in setting out defendant's pleadings, or a similar special exception urged in a so-called "First Supplemental Answer." The assignment should not be considered.

[5] However, the petition does not disclose that the contract was verbal; hence the exception was properly overruled. Thomas v. Hammond, 47 Tex. 42. Lewis v. Alexander, 51 Tex. 578; Robb v. Traction Co., 82 Tex. 392, 18 S. W. 707; Land Co. v. Dooley, 33 Tex. Civ. App. 636, 77 S. W. 1030.

[6] Besides, the petition alleged such a performance on the part of plaintiff as would entitle her to have specific performance required of Fahey. Tinsley v. Miles, 26 S. W. 1000; Showalter v. McDonnell, 83 Tex. 158, 18 S. W. 491; Fulton v. Robinson, 55 Tex. 401.

The judgment is affirmed.