## JOHNSON v. NEELEY et al.

No. 1025.

Court of Civil Appeals of Texas. Waco.

March 12, 1931.

Rehearing Denied April 2, 1931.

Sam Dardnne and Willard McLaughlin, both of Waco, for appellant.

Richey & Sheehy, W. L. Eason, and Sleeper, Boynton & Kendall, all of Waco, for appellees.

GALLAGHER, C. J.

S. M. Neeley sued C. S. Simon and E. A. Johnson to recover a balance due on a promissory note executed by said Simon to E. D. Neeley and held by said S. M. Neeley under successive indorsements, and for foreclosure of a chattel mortgage given by said Simon on certain market fixtures to secure the payment of the same. S. M. Neeley alleged that said Simon sold the mortgaged property to said Johnson, and that he in turn sold the same to one Jim Jones, and that the purchaser at each of said sales assumed the payment of said note. He further alleged that said property was situated in a certain building on South Third street in Waco, Tex., known as the Square Market, and that Mrs. P. Delaney, the owner of said building, was claiming some interest in the same. He made her a party defendant in order to determine the nature and extent of her rights, if any. The parties to this litigation will hereinafter be designated by name. Said Jones was not made a party to the suit.

Mrs. Delaney filed a cross-action, in which she alleged that she was the owner of said building; that the same had been theretofore leased by her to Alexander, Neeley & Co. under a written lease, which had been with her consent transferred to said Simon; that said lease, at or about the time of the transfer to him, had been extended so as to expire May 31, 1929; that thereafter Simon either transferred the lease or sublet the premises to Johnson, who continued to pay rent thereon until September 1, 1928. She further alleged that, about the 1st day of April, Johnson complained that the building was out of repair, and that she then entered into an agreement with him by the terms of which the rent was reduced to the sum of $90 per month, and he obligated himself to make certain repairs on the building at his own expense and to continue to pay such rental monthly until the expiration of the lease on May 31, 1929. She further alleged that said building had never been surrendered to her, but had been continuously occupied by Johnson, or some one under his authority or permission, and that the stipulated rental had not been paid for the last nine months of said period, aggregating the sum of $810, for which she asked judgment. She also asserted a landlord's lien on all the property in said building, and asked for a foreclosure thereof.

Simon alleged that he sold the mortgaged property to Johnson, and that as part of the consideration therefor Johnson assumed and promised to pay the balance due on said note. He further alleged that said note was at that time held by the Citizens' National Bank, and that the bank, in consideration of said assumption, agreed to release him from further liability thereon.

Johnson denied that he assumed the payment of the balance due on said note, and alleged affirmatively that he purchased the mortgaged property subject to the indebtedness against the same. He alleged, in defense of Mrs. Delaney's demand for rent and foreclosure of landlord's lien, that he never knew of the existence of a written lease on said premises, and that, if such did exist, he never assumed the same. He further alleged that said leases, if any, were all oral and void under the statute of frauds. He further alleged that, prior to September 1, 1928, he ceased to occupy the building; that Mrs. Delaney knew that said Jones was occupying the same, and accepted rent from him.

The case was tried to a jury. The jury, on the issues arising between plaintiff, S. M. Neeley, and defendant Johnson, found, in substance, that: (a) The Citizens' National Bank owned the note at the time of the sale of the property by Simon to Johnson; (b) said bank did not agree to release Simon from liability and look alone to Johnson for the payment of said note; (c) Johnson, in the trade with Simon for the purchase of said property, agreed that he would assume the payment of said note. The jury, on the issues arising between Mrs. Delaney and Johnson, found, in substance, that: (a) Johnson agreed with W. M. Sleeper, as the representative of Mrs. Delaney, to pay rent on said building until May 31, 1929, at $90 per month; (b) said Sleeper, acting for Mrs. Delaney, did not agree with Johnson to release him from liability for rent after the occupancy of said building by Jones.

The court rendered judgment on the verdict of the jury in favor of S. M. Neeley against E. A. Johnson and C. S. Simon for the sum of $711.28, the balance due on said note, with foreclosure of the chattel mortgage upon all the property described therein as against all the parties to the suit. He also rendered judgment in favor of Simon against Johnson for all sums he might be required to pay in satisfaction of Neeley's recovery. He also rendered judgment in favor of Mrs. Delaney against Johnson for the sum of $810, rent on said building from September 1, 1928, until May 31, 1929. Johnson has perfected an appeal from said judgment.

Opinion.

■ Appellant, Johnson, presents a proposition in which he contends that the court erred in refusing to submit to the jury for determination his special requested issue as follows:

"In the trade between the defendant Simon and the defendant Johnson, did the defendant Johnson agree with the defendant Simon that he, Johnson, would purchase the proper-

ty subject to the indebtedness against said property?"

The record shows without controversy that Simon executed the note sued on and secured the same by chattel mortgage on the personal property involved herein; that said note was in the possession of the Citizens' National Bank at the time of the trade between Simon and Johnson; that they went together to said bank and ascertained the exact balance due thereon; that Johnson purchased the property, and thereafter made several payments on said note. Plaintiff, Neeley, alleged that Johnson, as a part of the consideration for the purchase of said property from Simon, assumed and agreed to pay said note. He introduced testimony in support of such allegation. Johnson denied that he assumed the payment of said note, and pleaded affirmatively that he purchased said property subject to such debt and lien. He introduced testimony in support of such allegation. The court submitted an issue based on Neeley's theory of the transaction, in which he asked the jury to find whether Johnson agreed with Simon to assume the payment of said note. The jury answered such issue in the affirmative, and the judgment rendered by the court is based on such finding. Johnson's theory that he purchased the property subject to the debt and lien was not submitted. Johnson sought, by requesting the special issue above recited, to have such defense submitted to the jury for determination. His contention that he was entitled to such submission is supported by many authorities, of which we cite the following: Colorado & Southern Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, 909 et seq.; Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276, 277, par. 1, and authorities there cited; National Cash Register Co. v. Rider (Tex. Com. App.) 24 S.W.(2d) 28, 31, par. 5; Northern Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220, pars. 1 to 3; Robinson v. Aetna Life Ins. Co. (Tex. Com. App.) 276 S. W. 900, 902, pars. 2 and 3, and authorities there cited; Oil Belt Motor Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338, 339, pars. 1 and 2. Neeley contends that the requested issue was embraced in the issue submitted by the court, inquiring whether Johnson assumed the payment of the debt sued upon. It is true that an affirmative answer to such issue involved by implication a negative finding on the issue requested. Appellant, however, was entitled to have his theory of the case submitted affirmatively for determination. The court, in Colorado & Southern Railway Co. v. Rowe, supra, considered a similar contention. That was a suit by the surviving wife and minor children for damages for the death of the husband and father which they alleged was caused by certain negligent acts of the defendant railway company. The jury in that case found in response to issues submitted by the court that the defendant was negligent as charged, and that such negligence was the proximate cause of the death of the deceased. He refused to submit on request the issue of whether the death of the deceased resulted from an unavoidable accident. The Commission of Appeals held that the court erred in refusing to submit such issue, and in that connection said:

"If a finding that the defendant was negligent was a negative finding that there was no accident, likewise, a finding that death resulted from accident would have been a negative finding that there was no negligence. Therefore, each issue should have been submitted to the jury so that notice of both might have been given, thereby affording them equal opportunity to attract the attention and win the favor and secure the approval of the jury instead of requiring the issue of accident to stand outside with only the probability of being considered and with no greater possibility of favor than silent approval involved in the rejection of its rival."

The same reasoning applies in this case. Each of the authorities above cited involved a similar contention and similar holding. The refusal of the trial court to submit the issue so requested was reversible error.

The remaining propositions presented by Johnson as ground for reversal of the judgment in favor of Neeley against him involve matters which will not necessarily arise in the same way, if at all, upon another trial.

■ Appellant Johnson submits as ground for reversal of the judgment against him in favor of Mrs. Delaney a proposition in which he asserts that the findings of the jury that he agreed to pay rent for the premises in question until May 31, 1929, at $90 per month, and that he had never been released from such agreement, are insufficient to support such judgment. His specific contention in this connection is that the agreement so found by the jury was for the use of premises for a longer time than one year, that the same was oral and inhibited by our statute of frauds, and therefore void and unenforceable. The premises were originally let to Alexander, Neeley & Co., and the lease, with Mrs. Delaney's consent and approval, was assigned by them to Simon, and by indorsement thereon in writing extended until May 31, 1929. While Johnson denied specifically that he assumed the obligations of said lease or that he ever even heard of the same, he paid rent from the time he began the occupancy of said building until April 1, 1928, at the rate of $112.50 a month, as stipulated therein. The testimony shows without contradiction that at or about that time he applied for a reduction in the monthly rental, and agreed in consideration thereof to make at his own expense certain repairs and changes in the building to better adapt the same to the needs of his

particular business; that in consideration of such agreement the monthly rental was reduced to $90 a month; that he made such repairs and changes and paid the reduced rental agreed upon until September 1, 1928; that he then put Jones in possession of the building, and sold to him his fixtures and other personal property situated therein; that possession of said building was never restored nor tendered to Mrs. Delaney by him nor any one else prior to the termination of the time stipulated in such agreement. Since the undisputed testimony shows that the agreement found by the jury to have been made was fully performed by Mrs. Delaney, and that Johnson received substantial benefits thereunder, he cannot invoke the statute as a defense to her demand for the stipulated rentals remaining unpaid. Showalter v. McDonnell, 83 Tex. 158, 159, 18 S. W. 491; Wingart v. Baxter (Tex. Civ. App.) 30 S.W.(2d) 522, 527, par. 8 (writ refused), and authorities there cited; Southern Building & Loan Ass'n v. Jackson (Tex. Civ. App.) 290 S. W. 266, 268, par. 2; Belcher v. Schmidt, 62 Tex. Civ. App. 411, 132 S. W. 833; Folmar v. Thomas (Tex. Civ. App.) 196 S. W. 861, 864, par. 3, and authorities there cited; Christopher v. Davis (Tex. Civ. App.) 284 S. W. 253, 256, par. 2 (writ refused); Dockery v. Thorne (Tex. Civ. App.) 135 S. W. 593, 597 (writ refused); Halsell v. Scurr (Tex. Civ. App.) 297 S. W. 524, 527, par. 2, and authorities there cited; Pou v. Dominion Oil Co. (Tex. Com. App.) 265 S. W. 886, 888, par. 3; Priddy v. Green (Tex. Civ. App.) 220 S. W..243, 253, par. 17, and authorities there cited. Said proposition is overruled.

█ Appellant, Johnson, submits as further ground for reversal of said judgment the action of the court in refusing to submit his special requested issue as follows:

"Did W. M. Sleeper, acting for Mrs. Delaney, accept rent from the defendant Jim Jones after the time said Johnson sold the business to the defendant Jim Jones?"

Johnson alleged, in substance, that prior to September 1, 1928, he abandoned the occupancy of said building; that thereupon said Jones occupied the same; that Mrs. Delaney knew of such occupancy, and accepted rent from said Jones, and thereby estopped herself from claiming rent from him, the said Johnson. The only testimony bearing on this contention is that Johnson got the August rent from Jones, paid the same to Sleeper, took his receipt therefor and told him at the time that Jones was occupying the premises and would pay subsequent rentals. There is no contention that Jones did so. The gist of Johnson's contention is that a finding that Mrs. Delaney accepted rent from Jones with knowledge of the facts would release him as a matter of law. This contention is contrary

to the authorities in this state and elsewhere. Cauble v. Hanson (Tex. Com. App.) 249 S. W. 175, 176 et seq., and authorities there cited; Id. (Tex. Civ. App.) 224 S. W. 922, 923 et seq.; McCelvy v. Bell (Tex. Civ. App.) 6 S.W.(2d) 390, pars. 2 and 9; Davis v. First Nat. Bank of El Paso (Tex. Civ. App.) 258 S. W. 241, pars. 6 and 7; Gray v. Tate (Tex. Civ. App.) 251 S. W. 820, pars. 2 and 3; Goffinet v. Broome & Baldwin (Tex. Civ. App.) 208 S. W. 567, par. 4.

None of the propositions presented by Johnson as ground for reversal of the judgment against him in favor of Mrs. Delaney require or justify such action.

The judgment of the trial court in favor of Neeley against Johnson is reversed, and the cause as between said parties remanded for another trial. The judgment in favor of Mrs. Delaney against Johnson is affirmed. It is ordered that one-half the cost of prosecuting this appeal be adjudged against appellant, Johnson, and the other half against appellee Neeley.