## COFFMAN v. DAVIS et al.
### No. 3095.

Court of Civil Appeals of Texas. El Paso.
Jan. 3, 1935.

Rehearing Denied Jan. 31, 1935.

Goggans & Keith and J. L. Goggans, all of Dallas, and Lawrence F. Green, of Houston, for appellant.

Walter R. Fly, of Dallas, for appellees.

HIGGINS, Justice.

On November 23, 1928, R. O. Phipps and wife conveyed in trust to Lee V. Williams two lots in Dallas, upon which a house is situate, to secure the payment of a note for $1,300 of the same date, bearing interest at the rate of 10 per cent. per annum from date, payable to the Midland Building & Loan Association.

January 28, 1929, Phipps and wife conveyed the lots to Pearl Matzler, who later married J. E. Davis; the grantee assuming the payment of said note.

Default being made in the payment of the note, the trustee, Williams, on August 2, 1932, sold the lots, under power conferred by the deed of trust, to David E. Coffman, who had theretofore been appointed receiver of the Midland Building & Loan Association.

The receiver, on April 10, 1933, brought this suit against Mrs. Davis and husband to recover the lots, and in the alternative sought to foreclose the deed of trust.

Mrs. Davis and husband answered by general denial, plea of not guilty, and by cross-action set up an oral agreement made May 1, 1929, between an authorized agent of said association and herself, whereby it was agreed the association would take the property over, rent it, and apply the rents upon the note; that the property was of the reasonable rental value of $40 per month and so agreed by the parties, whereby the association became bound and obligated to defendant for said sum of $40 per month.

It was further alleged that at the time of the trustee's sale the note had been paid in full and the lien extinguished by said rentals.

She sought to recover the property and damages.

The only issue submitted to the jury inquired whether J. E. Whitehead, president of the association, entered into a verbal agreement with Mrs. Davis that "he would take over the property in question and allow her $40.00 per month on her indebtedness until same was paid in full."

Upon an affirmative answer to this question, judgment was rendered that plaintiff take nothing and Mrs. Davis and husband recover the lots, with cancellation of the deed of trust lien and trustee's deed.

It is urged the agreement pleaded is unenforceable under the fifth section of the statute of frauds (article 3995, R. S.), because the obligation assumed by the association was impossible of performance within a year; payments at the rate of $40 per month being insufficient to extinguish the note in a year.

When a contract has been executed by one party and nothing remains to be done but pay the consideration, it may be recovered. The delivery of possession of the premises by Mrs. Davis was performance on her part of the contract the effect of which was to remove the obligation of the association from the operation of the statute so far as concerns

the rents received by it. 20 Tex. Jur. Title Frauds, Statute of, §§ 50 and 112. Showalter v. McDonnell, 83 Tex. 158, 18 S. W. 491; Alford, etc., v. Williams, 41 Tex. Civ. App. 436, 91 S. W. 636; Texas & P. C. & O. Co. v. Patton (Tex. Com. App.) 240 S. W. 303.

If the agreement was made as alleged and in pursuance thereof possession of the premises thereunder was delivered to the association, it became liable to account for the rents received.

 It will be observed the court submitted the issue of an agreement to allow Mrs. Davis $40 per month on her indebtedness. This is not the agreement as set up in the cross-action. As we construe the allegations of the pleading the agreement was to apply the rents, whatever they might be, upon the note. We do not regard the same as imposing the absolute obligation to allow $40 a month, regardless of the amount for which the house might be rented. Mrs. Davis testified to an agreement such as was submitted, but it was a fatal variance between the pleadings and proof.

Under the agreement as pleaded it was incumbent upon Mrs. Davis to prove that the rents for which the property was let were sufficient to discharge the note. She offered no evidence of the amount so received, and in this state of the evidence and pleadings the plaintiff's requested peremptory charge should have been given.

The argument of appellees' counsel was improper and reversible. We need not comment upon the same, for it should not occur upon retrial.

Reversed and remanded.