## BIELSS et al. v. MOELLER et al.

### No. 8086.

Court of Civil Appeals of Texas. Austin.

May 15, 1935.

E. M. Grimes, of Taylor, for appellant A. P. Rydberg.

A. S. Evans, Jno. D. Hudson, W. K. McClain, and W. H. Nunn, all of Georgetown, for appellants Bruno Bielss and wife.

Thos. V. Adams, of Buckholts, and W. A. Morrison, of Cameron, for appellee Henry Moeller.

J. V. Morris, of Bartlett, for appellee E. M. Steglich.

Wilcox & Graves, of Georgetown, for appellee Marvin Behrens.

Sam Burnap, of Georgetown, for appellee Will Jansen.

M. B. Colbert, of Granger, and Wood & Wood, of Georgetown, for appellee Ed. J. Bohac.

J. F. Taulbee, of Georgetown, for Chas. R. Mayfield, receiver, and City Nat. Bank of Georgetown.

BAUGH, Justice.

This suit arose under the following facts: Heinrich Bielss and wife, Emilie Bielss, owned as community property 210 acres of land in Williamson county, Tex. Emilie Bielss died intestate some time prior to July 10, 1920, and left as survivors her husband and eight children, all of whom had reached maturity. After her death Heinrich Bielss purchased and was conveyed the interest of one of the children in and to his mother's estate, thus vesting in the father an undivided 9/16 interest in the 210 acres of land. The remaining 7/16 interest was vested jointly in the other seven children. On July 10, 1920, Bruno A. Bielss, one of the sons who resided with his wife on the premises as his home, and owning by inheritance an undivided 1/16 interest in said land, purchased from his father and from his six other brothers and sisters their aggregate 15/16 interests in said lands. He testified without objection or contradiction that he had separate agreements with each of them as to their several interests. The entire purchase price was paid by notes executed by Bruno A. Bielss. In conveying their aggregate 15/16 undivided interests to him, all joined in one deed, reciting that they, together with the grantee, constituted all of the heirs of Emilie Bielss, deceased, but did not in said deed specify the individual interest of each grantor in the land conveyed. The consideration recited was $17,178.42, payable as follows: Notes 1 to 6 for the sum of $1,321.42 each, of even date with said deed, all due on or before January 1, 1921, one note payable separately to each of the grantee's brothers and sisters, and representing the full purchase price of his or her undivided 1/16 interest in said lands. The remaining 10 notes were payable to the father, Heinrich Bielss, and represented the purchase price for his undivided interest as follows: Note No. 7 for $500; notes 8 and 9 for $750 each; notes 10, 11, 12, 13, and 14 for $1,000 each; notes 15 and 16 for $1,125 each; maturing, respectively, on or before January 1, 1922,

to 1931, inclusive. This deed also contained the following provisions:

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above notes, and all interest thereon are fully paid according to their face and tenor, effect and reading when this deed shall become absolute.

"It is further understood that the said Henry Bielss, as long as he lives, reserves to himself the right to use and occupy the dwelling house, barn, cow and horse lot and yard situated on the land hereinbefore described, and which is now used and occupied by the said Henry Bielss, and the said Henry Bielss also reserves the right to use water from the wells on said land for domestic purposes and for his live stock."

Each note likewise recited that it was given in part payment for an undivided 15/16 interest in said lands and retained a vendor's lien thereon to secure its payment.

Notes Nos. 1, 2, 3, 5, and 6 were paid off by Bruno A. Bielss while same were still owned and held by his brothers and sisters, the original payees, a release of the vendor's lien as to each duly executed and placed of record in 1922. Subsequently 50 acres of said lands were sold by said Bruno A. Bielss and a release of the lien thereon by the holders of all unpaid notes executed, leaving only 160 acres involved in this suit.

All of said notes, except 1, 2, 3, 5, and 6, which had been paid off and released, were variously assigned to several different parties, and their maturity dates variously extended by written agreements. Note No. 14, being for $1,000, was assigned by Heinrich Bielss to Henry Moeller, and upon default of Bruno A. Bielss in payment thereof Moeller brought this suit thereon for his debt and for foreclosure of a vendor's lien on an undivided 15/16 interest in said lands. To this suit Heinrich Bielss and all of his children were made parties. The several holders of all of the other outstanding notes, either as defendants or interveners, likewise sought judgment against Bruno A. Bielss for their respective debts and for foreclosure of the liens on said lands securing the same.

In addition to the foreclosure sought, A. P. Rydberg, who acquired through various assignments note No. 4, originally payable to Louise Voss, a sister of Bruno A. Bielss,

and variously extended, his immediate assignor being the City National Bank of Georgetown, impleaded the receiver of said bank, alleging that a fraud had been perpetrated upon him by the bank in the sale to him of note No. 4, sought to rescind the assignment to him and to recover against the receiver, and to compel such receiver to repay to him the amount of money he had originally paid to the bank for the note.

The defenses pleaded by Bruno A. Bielss were, in substance and effect, that under the facts above stated the notes given to each of the several grantors represented the purchase price of his or her respective interest in the land; that such notes were respectively secured by a lien on the interest of such grantor only; that when he paid off in full notes 1, 2, 3, 5, and 6, each of which represented the full purchase money due the payee in said notes for his or her respective undivided interest in the whole tract, and such brother or sister had released the lien as to his or her particular note, Bruno A. Bielss' title to such interests then became absolute. That is, that he thereby acquired good title to a $\frac{5}{16}$ interest, which, added to his own inherited interest, vested in him clear of any lien an undivided $\frac{9}{16}$ interest in said land; and that said lands having been continuously used and claimed by him as his homestead, the outstanding unpaid notes or any renewal thereof did not constitute a lien on such $\frac{9}{16}$ interest.

The case was tried to a jury, but after the close of the evidence, the trial court withdrew same from the jury, held that the notes involved, being the unpaid notes of the series, constituted a lien on the entire $\frac{15}{16}$ interest in said lands, rendered judgment for the respective holders of said notes for the amounts thereof, and foreclosed the liens accordingly; and dismissed the receiver of the bank, impleaded by Rydberg, as being improperly joined in the foreclosure suit. From this judgment, Bruno A. Bielss and Rydberg have appealed.

The first question raised is whether the vendor's liens retained in said deed to secure the payment of said series of notes extends to and covers the entire $\frac{15}{16}$ undivided interest in said lands, as to each and all of said notes, or whether such lien extends to and covers only the interest owned by the individual grantor as security for the purchase money due to such grantor for his or her interest in the land. The deed does not in express terms segregate the liens as to such several purchase money notes, but merely reserves the vendor's lien on the entire $\frac{15}{16}$ undivided interest as security for the entire series of notes without distinction or limitation. It is appellees' contention that the liens reserved are purely matters of contract between the parties; that the deed and notes are clear and unambiguous, and that regardless of previous agreements between Bruno A. Bielss and the several grantors, or of their separate respective interests, the rights of the parties are merged into said deed, and determinable from its express provisions; and that under said deed the lien on the whole $\frac{15}{16}$ interest granted accrued to each and all of the grantors alike as security for the entire purchase price evidenced by all of the notes.

If the notes had been payable jointly to all of the grantors, such a construction would undoubtedly be correct. But such case is not here presented. Not only does the undisputed evidence show the interest of each grantor, but the recitals in the deed to Bruno A. Bielss clearly show the source of title of each of the named grantors and the undivided $\frac{1}{16}$ interest therein of each of the children who joined their father in the deed. It shows that all of the grantors, together with the grantee, were tenants in common. As such, neither had any authority, unless expressly given or necessarily implied from the purposes of the grant, to convey or encumber the interest or title of any other tenant in common. Nor could one cotenant convey or encumber the whole estate. 11 Tex. Jur., 467, and cases there cited. Had one cotenant undertaken to do so, without the consent of the others, his conveyance or encumbrance would be construed to apply to his own interest only, unless done for the preservation of the common property. 11 Tex. Jur., 489; 62 C. J., 542. Did the mere fact that all of the grantors joined in one deed constitute an agreement between them that the lien reserved by each was to inure to the benefit of all, and that the lien on all of the land conveyed was to relate to and secure the separate purchase-money notes payable to each? We do not think so. The fact that separate notes were executed to each grantor for the full amount of the purchase price of his or her particular interest amounts, we think, to a segregation of that interest from the interests of the

other vendors. Had each cotenant executed a separate deed for his interest and retained a lien therein to secure the note payable to him, there could be no question but that his security would be limited to his interest in the land. Bergman v. Blackwell (Tex. Civ. App.) 23 S. W. 243. We think the deed as executed had the same effect. While the warranty as to the title conveyed was general, since the interests of the respective grantors were shown, had the title of one of the cotenants failed, we do not think it could be said that each of the other cotenants, whose title was good and was distinct and separate, could be held to have warranted the title of all. Such warranty would be limited to the title owned and conveyed by each. For like reason, we think the lien for the purchase money, though retained in general terms in the deed, should be construed to apply only to the interest owned and conveyed by each; and when the purchase money for such interest was paid by Bruno A. Bielss, and the lien securing same released, title to such interest so paid for by him thereupon became absolute. To hold otherwise would attribute to the several grantors an intention to encumber their own interests with a lien to secure the payment of debts due to other cotenants in which they had no interest. Such, we think, is not a fair construction of the deed, nor one of which it is reasonably susceptible. To so hold would, where some had been paid in whole or in part, while others had not, work a preference in such security between them.

■ Nor do we think the cases cited by appellees in support of the trial court's judgment here applicable. See Lanham v. West (Tex. Civ. App.) 209 S. W. 258; Smith v. Owen (Tex. Civ. App.) 107 S. W. 927. That a vendor's lien applies to all of the land conveyed to secure the unpaid purchase-money notes is well settled. It is likewise true that where a grantor conveys two tracts of land, where the full purchase price of one is paid and notes given for part of the purchase price of the other, he can retain a valid lien against both tracts to secure such notes. But if he undertakes to retain a lien on land belonging to some one else, who joins him in the conveyance of several tracts to the same grantee, his lien does not attach to his neighbor land, but will be confined to the land he owns, where separate notes are made to him for the land he sells. That, as we view it, is the case presented here.

■ The contention made by appellant Rydberg is that the court erred in dismissing as improperly joined, his suit against the impleaded receiver of the bank which assigned to him note No. 4. The basis of his asserted cause of action against his assignor was that of misrepresentation and fraud, predicated upon special trust and confidence imposed by him in the president of the bank.

The original suit as brought by Moeller was one on contract. The cross-action asserted by Rydberg against another party impleaded by him was one grounded in tort. While the alleged tort did relate to one of the notes involved, it is manifest that it had no relation to the case asserted by the original plaintiff, and was dependent upon additional and entirely different evidence to sustain it—one in which the holders of the other notes were not concerned. Under such circumstances, there was no abuse of the trial court's discretion in dismissing the receiver of the bank as being improperly joined. 32 Tex. Jur., § 58, p. 92; § 66, p. 104, and cases there cited.

■ The conclusion reached renders unnecessary a discussion of the homestead issue raised. It is not controverted that such interest as Bruno A. Bielss had in said property was impressed with a homestead character from the date he acquired it. This applied to the 9/16 interest, and any subsequently executed instruments attempting or intended to enlarge the vendor's lien outstanding to secure the unpaid notes were ineffective for that purpose as against his undivided 9/16 interest.

As to the judgment dismissing the City National Bank of Georgetown and Charles R. Mayfield, receiver thereof, made parties by cross-action of appellant Rydberg, the trial court's judgment is affirmed. In all other respects, the judgment is reversed, and the cause remanded.

Affirmed in part, and in part reversed and remanded.