## BOND v. BUMPASS et al.

### No. 12365.

Court of Civil Appeals of Texas. Dallas.

Dec. 19, 1936.

Rehearing Denied Jan. 15, 1937.

Renfro, McCombs & Kilgore, of Dallas, for appellant.

Leake, Henry & Young, of Dallas, Frank Killough, of Terrell, W. G. Sears, of Houston, and Bond & Porter, of Terrell, for appellees.

LOONEY, Justice.

Joel R. Bond, appellant, sued Ed R. Bumpass in an action of debt on a promissory note payable to appellant, alleged to have been executed by Bumpass (on which there was a balance due at the time of trial of $9,799) and to foreclose the same as a first lien on 2/11 and as a second lien on 9/11 undivided interests in and to several tracts of land in Kaufman county, Tex., aggregating 568.4 acres. Appellant named W. P. Allen, T. M. Britton, P. I. Austin, and the Texas Power & Light Co., Inc., defendants, seeking as to the latter the establishment of priorities and foreclosure.

Appellant admitted that defendant Allen held an unsatisfied note, amounting at the time of the trial to the sum of $8,039.38, that was a first lien on an undivided $\frac{2}{11}$ interest in the 568.4 acres, and, further, that Allen owned and held other notes, secured by liens on said body of land (and other lands in which appellant is not interested), but that the indebtedness and liens held by Allen, other than the amount of $8,039.38 mentioned, were inferior and subordinate to appellant's first lien on $\frac{2}{11}$ and his second lien on $\frac{9}{11}$ undivided interest in the body of land upon which he sought foreclosure.

Ed R. Bumpass answered, admitting that he was indebted to appellant as alleged, and that appellant had a first lien as claimed on $\frac{2}{11}$ undivided interest in the body of 568.4 acres, but denied that he had a lien on any other portion or interest in said lands.

W. P. Allen answered and, in a cross-action, declared upon the several notes held by him against Bumpass and others as co-makers and sureties, and sought foreclosure of his lien upon certain lands not material here, except as to the lien for $8,039.38 on $\frac{9}{11}$ undivided interest in the body of 568.4 acres. In this connection, it is pertinent to say that the record discloses that all other indebtedness and liens held by Allen as disclosed by the record were inferior to the lien claimed by appellant.

To summarize, the issues presented to the trial court are these: Appellant claimed a first lien upon a $\frac{2}{11}$ undivided interest in the 568.4 acres of land; W. P. Allen claimed a first lien upon an undivided $\frac{9}{11}$ of said land to secure balance of $8,039.38 due upon note; the priority of neither of these liens is disputed by either party, and appellant also claimed a second lien upon the undivided $\frac{9}{11}$ interest as security for the note sued upon; and W. P. Allen also claimed liens subject only to the rights of appellant, if any, as security for other notes held against Bumpass and other defendants, not material here.

The case was tried to a jury, and, at the conclusion of the evidence, appellant moved for an instructed verdict, which was overruled, and after hearing argument, concluding (and we think correctly) that there was no issue of fact to be determined, the court withdrew the case from the jury and rendered judgment, as follows: In favor of appellant against Bumpass for the amount of debt. claimed, and foreclosed same as a first lien upon an undivided $\frac{2}{11}$

of the 568.4 acres, but denied appellant foreclosure upon any other portion or interest in the land; and Allen's prayer for the establishment of debts and foreclosure of liens was granted; to which appellant excepted and from which he prosecutes this appeal.

The undisputed facts are these: On and prior to January 11, 1929, appellant and appellee, Ed R. Bumpass, as tenants in common, owned the 568.4 acres of land in question; appellant owning an undivided $\frac{2}{11}$ interest, and Bumpass an undivided $\frac{9}{11}$ interest. On January 11, 1929, appellant, joined by his wife, sold and conveyed his undivided $\frac{2}{11}$ interest to Mr. Bumpass in consideration of $7,488.80, evidenced by a note. The pertinent provisions of the conveyance and note are these: The granting clause of the conveyance reads: "We have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said Ed R. Bumpass of the County of Kaufman, State of Texas, all that certain lots, tracts or parcels of land situated in Kaufman County, Texas, described as follows:" (here follows description of several tracts of land, aggregating 568.4 acres). The description was without limitation or restriction as to the interest conveyed, concluding as follows: "To Have and to Hold the above described premises, together with all and singular the rights and appurtenances thereto, in any wise belonging unto the said Ed R. Bumpass, his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said Ed R. Bumpass, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. But it is expressly understood and agreed that the grantors herein do not agree to warrant and forever defend the title to the above described premises except only as to an undivided two-elevenths ($\frac{2}{11}$) interest therein which is owned and held by the grantors. But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above described note and all interest thereon are fully paid according to its face, tenor and effect and reading, when this deed shall become absolute." On the same day, and as a part of the same transaction, Ed R. Bumpass executed a note, given as

consideration for the conveyance of the 2/11 interest in the land, in words and figures, as follows: "$7488.80 No. One Terrell, Texas, January 11th, 1929. On or before January 1, 1933, after date, I promise to pay to Joel R. Bond or Order, the sum of Seven Thousand Four Hundred Eighty-Eight & 80/100 Dollars with interest thereon from date until maturity, at the rate of seven per centum per annum; the interest payable annually as it accrues, both principal and interest payable at Terrell, Texas, for value received. This note is given in payment for a certain lot or parcel of land situated in Kaufman County, Texas, and being 439.04 acres of the R. Sowell Survey and 129 acres of the E. English Survey, and being the same land this day conveyed to Ed R. Bumpass by Joel R. Bond and wife, Sara Lillian Bond, and to secure the payment hereof, according to the tenor hereof a Vendor's Lien is retained in this note, and in said conveyance. This note and all past due interest thereon, shall bear interest from the maturity thereof, until paid, at the rate of seven per centum per annum. It is understood and agreed, that failure to pay this note, or any installment of interest hereon when due, shall at the election of the holder of them, or any of them, mature all notes this day given by Ed R. Bumpass to said Joel R. Bond in payment for said property. And I hereby specially agree that, if this note is placed in the hands of an Attorney for collection, or if collected by legal proceedings, to pay ten per cent. additional, on the principal and interest due hereon, as collection fees, and the maker hereof may have the right to pay any part of the principal at any time before maturity on interest paying dates. (Signed) Ed R. Bumpass."

The contention of appellant is that, as the result of the exchange of the conveyance and lien note, each reciting that a lien was retained against the entire body of land (without limitation or restriction) to secure the purchase-money note, a binding contract was consummated, creating a valid lien upon the entire interest in the body of 568.4 acres of land, and that the lien was not limited, in its application, simply to an undivided 2/11 interest therein. Appellee Bumpass insists that the conveyance shows upon its face that only an undivided 2/11 interest (the interest owned by appellant) was intended to be conveyed, and that the lien created to secure payment of the purchase-money note, only attached to and was imposed upon the 2/11 interest conveyed.

The question presented is: Did the deed by appellant and wife to Mr. Bumpass convey simply an undivided 2/11 or the entire interest? The conveyance is aptly phrased to convey, and we think did convey, the entire interests, unless the restrictive language of the warranty clause be given the effect of limiting the interest conveyed to that of an undivided 2/11 interest rather than as a mere restriction or limitation of the otherwise general warranty clause.

The restrictive language of the warranty clause of the conveyance, as before shown, reads: "But it is expressly understood and agreed that the grantors herein do not agree to warrant and forever defend the title to the above described premises except only as to an undivided two-elevenths (2/11) interest therein which is owned and held by the grantors."

■ As grantors only owned a 2/11 undivided interest in the land, we think it an act of business prudence on their part to restrain the general language of the warranty clause, limiting liability for damages, in case of the failure of title, to the interest actually owned and conveyed. The language, in our opinion, has no other significance. A warranty clause in a conveyance, either general or limited, is no part of the conveyance proper; it neither strengthens, enlarges, nor limits the title conveyed, but is a separate contract on the part of the grantor to pay damages in the event of failure of title (Richardson v. Levi, 67 Tex. 359, 366, 3 S.W. 444. A grantor may entirely omit a warranty clause (article 1293, R.S.) and, in such case, none will be implied, except as to prior conveyances by the grantor, and that the estate conveyed is free from encumbrances. Article 1297, R.S.; Hawkins v. Wells, 17 Tex.Civ.App. 360, 43 S.W. 816.

■ So, we conclude that the restrictive language employed in the warranty clause of the conveyance cannot be construed as limiting or restraining the conveyance to the 2/11 undivided interest owned by grantors, but that the deed must be construed, as the language clearly imports, as a conveyance of the 568.4 acres of land in its entirety.

It is obvious, we think, that the contract of the parties, comprising the deed of

conveyance by appellant and wife to Mr. Bumpass, and the note for $7,488.80 executed by him, construed together, evidence a dual purpose, that is, a sale and conveyance by appellant and wife to Mr. Bumpass of an undivided 2/11 interest in the 568.4 acres, and the creation, by contract, of a lien on the entire body of land to secure payment of the note contemporaneously executed.

We cannot conceive of any other intention actuating the parties. The actors, Judge Joel R. Bond and Colonel Ed R. Bumpass, learned lawyers, fully understood the ordinary significance of the words employed in the conveyance and note, and of the plan or set-up adopted to evidence the contract. We do not think there can be found a reason for the conveyance, retaining a lien on the lands conveyed as security for the payment of the note, and the execution of the note by Mr. Bumpass, containing language of similar import, other than to fix a lien on the entire body of land as security for the note.

The contention is made that it cannot be implied that a lien exists on the 9/11 undivided interest not owned by the grantors. It is true that a lien will not be implied (vendor's) where the vendor had no valid right to or interest in the land to be passed to or vested in the vendee. But the vendor's equitable or implied lien is clearly distinguishable from either an express lien reserved by the vendor as security for unpaid purchase money or a lien in the nature of a mortgage, given as security for debt. The vendor's lien proper arises by implication, where real property is sold and conveyed and the contract price is not paid, and is not dependent for its existence upon a special agreement or reservation; on the other hand, the express vendor's lien is a creature of contract; however, each is intended as security for the payment of unpaid purchase-money for lands conveyed.

The lien reserved in the conveyance by appellant and wife to Mr. Bumpass, and the note executed by him containing language of similar legal import, fixed an express purchase-money lien on the 2/11 undivided interest conveyed, and, also a lien in the nature of a mortgage, on the 9/11 undivided interest owned by Mr. Bumpass at the time of the transaction, the effect of the latter being to additionally secure payment of the note.

Quite a number of authorities are cited by the parties, more or less, but not directly, in point, hence will not be reviewed. The case more nearly in point is that of Cleveland State Bank v. Gardner, 286 S.W. 173, 176, by the Commission of Appeals, approved by the Supreme Court, the doctrine of which, we think, should rule the instant case. The facts are these: Granbury owned a large tract of land adjoining 160 acres owned by Cochran. Granbury sold and executed a deed conveying the land owned by him to Cochran, but, by mistake, included the 160 acres owned by Cochran. In the conveyance a vendor's lien was retained on all land conveyed, including the 160 acres owned by Cochran. Suit was brought to foreclose the lien upon the entire body of land conveyed, and Cochran attempted to avoid foreclosure upon the 160 acres upon the same ground urged by Mr. Bumpass to avoid foreclosure on the 9/11 interest in the body of land in question. Disposing of the matter, the court said: "The deed which was executed by Granbury to Ed Cochran, in which the vendor's lien is expressly reserved to secure the payment of the purchase-money notes, imports an acknowledgment by Cochran (having effect as an estoppel), that the title to all the lands described in the deed was in Granbury. To all intents and purposes, as between the parties to said deed and their privies, Granbury held title to the lands, including the 160 acres, when the deed was executed, and the superior legal title, as well as the vendor's lien, remained in him, as vendor, to secure payment of the notes. The fact that the 160 acres was included, by mistake, among the lands purported to be conveyed by the deed, cannot obviate or affect the legal effect of such deed according to its import, until and unless such mistake is corrected by a reformation of the instrument. Until the mistake is corrected, neither Cochran nor any holder of the land under him can hold any title to the land which he can assert against the holder of said vendor's lien so long as such lien subsists and remains unsatisfied; nor can he deny that such lien covers all the land described in said deed."

The facts of the instant case constitute a stronger demand for the application of the doctrine announced than the facts of the Cleveland-Gardner Case, in this, the inclusion, in the conveyance by Granbury to Cochran of the 160 acres of land belonging to Cochran was the result of a mis-

take, whereas, in the instant case, no contention is made that the inclusion in the conveyance by appellant and wife of the 9/11 undivided interest belonging to Mr. Bumpass was the result of either fraud, accident, or mistake; hence, the conclusion is inescapable that it was intentionally included and correctly reveals the purpose of the parties.

It follows, we think, that appellant is entitled to foreclosure on the entire body of land. As the trial court erred in holding that appellant had no lien upon the 9/11 undivided interest in the lands, its judgment, based upon that holding, is set aside, and to that extent the judgment is reformed so as to give full effect to appellant's first lien on an undivided 2/11 interest in said land, and a second lien on an undivided 9/11 interest, subordinate only to the prior lien in favor of W. P. Allen, to the amount of $8,039.38; and that the judgment, as reformed, and in all other respects, should be, and is hereby, affirmed.

Affirmed.

BOND, J., being interested, did not participate in the decision.

## On Rehearing.

LOONEY, Justice.

Appellee, Ed R. Bumpass, alone moves for rehearing, urging as grounds the same urged for affirmance of the judgment of the trial court, which we denied, as shown in the original opinion filed herein, on December 19, 1936. The contention is also made that our holding is in direct conflict with the rule announced in Bielss v. Moeller (Tex.Civ.App.) 83 S.W.(2d) 1098, 1100. After a careful consideration of the Bielss-Moeller Case, we fail to find the conflict. That case involved strictly a sale and purchase of real estate, grantors and grantee being tenants in common and heirs of Emilie Bielss, Heinrich Bielss being her surviving husband, the other grantors and the grantee being her children. The grantee executed separate notes to each grantor for the respective interests conveyed; however, in general terms, the deed retained a lien upon the lands conveyed. The question presented was whether the lien in favor of each grantor was spread over the

entire land or confined to the interest conveyed. The court held that the lien applied only to the interest conveyed by him or her, saying that, "The fact that separate notes were executed to each grantor for the full amount of the purchase price of his or her particular interest amounts, we think, to a segregation of that interest from the interests of the other vendors." In other words, the court failed to find, in the transaction, an intention to fix a lien on any interest other than on the respective interest owned and conveyed by each grantor.

Since the deed under consideration conveyed to appellee Bumpass the entire interest in the land, expressly retaining a lien to secure the note given for the 2/11 undivided interests purchased by him, and since the note executed by him also acknowledged the existence of the lien on the entire interests in the land, in the absence of any contention that the conveyance or the note was the result of either fraud, accident, or mistake, we do not think an explanation can be found for the transaction, other than that it was the intention of the parties to secure the note by an express vendor's lien on the 2/11 interest conveyed, and by a contract lien, in the nature of a mortgage, on the 9/11 interest owned by appellee, as additional security.

This conclusion is strengthened by the subsequent transactions had between the parties—that is, on January 1, 1936, appellee Bumpass executed a note renewing and extending the original note (of date January 11, 1929) acknowledging therein the existence of the lien on the entire interest in the land as security, also a deed of trust dated January 13, 1936, by which appellee conveyed the land to Fred T. Porter, as trustee, without restriction or limitation as to the interest conveyed, to secure the indebtedness, as evidenced by the original and renewal notes; the net result of the latter transactions being, not the creation, but simply an acknowledgment of the continuing existence of the lien created by the original deed and note, with the added provision for foreclosure under the powers given the trustee.

We see no reason to change our decision; therefore the motion for rehearing is overruled.

Overruled.