MINNEAPOLIS MILL COMPANY *vs.* C. T. HOBART and others.

March 29, 1879.

**Construction of Grant of Water-Power.**—The plaintiff granted to Smith " the right to have and draw from the pond or canal of said Minneapolis Mill Company, seven mill-powers of water, as defined in the said proposals, to be used upon the following described lots or pieces of land " (describing them,) " or upon one or more of said lots only, or upon such other lots or parcels of land as said grantee, his heirs or assigns shall designate, with such quantity of said water to be used upon such or any of said lots, as said William H. Smith, his heirs or assigns, shall hereafter elect and determine; such designations and elections to be made and established in writing in some permanent form, executed and acnowledged as deeds for land are executed and acknowledged, and recorded in the office of the register of deeds of said Hennepin county, before commencing to use said water on such lots or pieces of land." *Held,* that this vested in Smith or his assigns a right to the mill-powers only when taken from the canal, in the manner and for the purposes specified; and that one claiming under Smith, taking water from the canal, and using it not upon the lots described in the deed, nor upon any others designated as therein provided, is liable to the plaintiff for the value of the use of the water so taken.

Action to recover the value of the use of two mill-powers of water. Trial in the district court for Hennepin county, before *Vanderburgh,* J., upon whose findings a judgment was entered for the plaintiff, from which the defendants appealed.

*D. A. Secombe,* for appellants.

*Shaw & Levi,* for respondent.

GILFILLAN, C. J. The plaintiff was and is the owner of a canal, constructed to convey water for mill purposes, and of the power in the water conveyed by it.

It granted to one Smith "the right (subject to the right of earlier grantees of said company) to have and draw from the pond or canal of said Minneapolis Mill Company, seven mill-powers of water as defined in the said proposals, to be used upon the following described lots or pieces of land, situate in the city of Minneapolis, in Hennepin county, in the state of Minnesota, to wit: lot five in block 16; lots one and three,

in block 17; lot one in block 100, and lot 12 in block 101, according to the plat of the town of Minneapolis, or upon one or more of said lots only, or upon such other lots or parcels of land as said grantee, his heirs or assigns, shall designate, with such quantity of said water, to be used upon such or any of said lots as said William H. Smith, his heirs or assigns, shall hereafter elect and determine; such designations and elections to be made and established in writing in some permanent form, executed and acknowledged as deeds are executed and acknowledged, and recorded in the office of the register of deeds of said Hennepin county, before commencing to use said water on such lots or pieces of land." The deed also provided the right to such raceways or tunnels through plaintiff's land as might be necessary to make the grant available, the location and construction of the same to be with the approval of the company. Two of these seven mill-powers were purchased by Bassett from a grantee of Smith, and Bassett leased one to defendants, and they drew from the canal and used the power so leased to them. The value of the use of such power, during the time they so used it, was five hundred dollars. It was not so used by defendants on any of the premises described in the deed from plaintiff to Smith, nor were any other premises designated for its use, as required by said deed.

The court below, on these facts, rendered judgment against defendants for five hundred dollars, the value of the use of the water-power. The defendants make two objections to this: *First*, That plaintiff is not entitled to recover at all. *Second*, If at all, it is entitled to recover, not the value of the use of the water-power, but only nominal damages, because no special damages are shown. A decision of the first of these objections covers the second. To sustain the first objection, defendants seem to assume that the grant by plaintiff vested in Smith the title to seven water-powers in the canal, and argue that the restriction confining the use of them to particular lots designated or to be designated is repugnant

to the grant. We do not think, however, that it was the intention to vest in Smith title to the water-powers, in the canal, so that of all the power there he would be a co-owner with the company and its prior grantees. On the contrary, we think it was intended to give him the right to take from the canal, in the manner and for the purposes designated in the deed, so much water as would amount, according to the proposals referred to in it, to seven mill-powers, and that the right to such mill-powers should vest in him as his property, only when so taken and severed from the aggregate of power in the canal; that the specified powers should be his only when taken for use upon the lots designated in the deed, or upon such other lots as might be substituted for them in the manner provided in the deed; that the right should attach and be appended to particular premises. Such being the intention, the restrictions as to the manner in which, and purposes for which, the water should be taken, are not repugnant to, but are descriptive of, the right granted. It follows that until the water-powers should be withdrawn from the canal as authorized by the deed, they belonged to the plaintiff. Any person taking water from the canal, except as authorized by the plaintiff, would be liable to it in damages to the extent, at least, of the value of the amount taken. The defendants, having taken the water without authority, are so liable.

Judgment affirmed.