· MARY J. ROBB V. SAN ANTONIO STREET RAILWAY COMPANY.

No. 3173.

1. **Tenancy at Will—Pleading.**—The allegation of a tenancy at will extending for a term of between five and six years does not reveal in itself the fact that such tenancy was created by a parol or written contract. It is not necessary, therefore, to allege such tenancy as created by an instrument in writing.

2. **Statute of Frauds.**—It is only where the lease or contract alleged shows by its terms that it is for a longer term than one year, or that the performance thereof was not to be within a year, that the defect would exist which would bring the action within the statute of frauds.

3. **Tenancy at Will.**—The averment that "the defendant occupied [the premises] by permission of the plaintiff as her tenant," alleges in legal effect a tenancy at will.

4. **Statute of Frauds.**—The statute of frauds works no change in our system of pleading. It regulates and establishes a rule of evidence. The contract declared on is not presumed to be oral, because that character of proof of it is excluded, and hence the presumption is rather that it is in writing when it is pleaded generally.

5. **Statute of Limitations—Rents.**—The cause of action, filed October 29, 1889, was for reasonable rental value of premises occupied by defendant by permission of the plaintiff from February 1, 1884, until the 1st day of September, 1889, is not obnoxious to exceptions from statute of limitations of two years. The plaintiff could recover for all rents falling due within two years from the institution of the suit. The nature of the contract as one oral or in writing would not affect the liability for rents save as affected by limitation.

ERROR from Bexar. Tried below before Hon. G. H. NOONAN.

The opinion states the case.

*Tarleton & Keller*, for plaintiff in error.—1. Though the contract be one that comes within the statute of frauds, the pleading that declares upon it need not allege the agreement to have been in writing, such being matter of proof only. Gonzales v. Chartier, 63 Texas, 36; Cross v. Everts, 28 Texas, 523; Fisher v. Bowser, 41 Texas, 222; Lessing v. Cunningham, 55 Texas, 233; Sayles' Civ. Stats., sec. 2, p. 805.

2. The statute does not denounce verbal contracts that may or may not be performed within a year. In order to come within the statutory inhibition, the contract should conclusively show its performance was intended to extend beyond a year. It is no objection that the contract might extend over the year. Browne on Stat. of Frauds, sec. 35.

3. The statute of frauds does not affect an executed contract, or one entirely performed by the parties thereto. When one refuses to complete an agreement which is void by the statute of frauds, after receiving a benefit from past performance, he must pay for what he has received; not upon the contract, but for the use and benefit of that received. Ray v. Young, 13 Texas, 550; Thouvenin v. Lea, 26 Texas, 612; Browne on Stat. of Frauds, secs. 40–116; 5 Field's Law Briefs, sec. 241, p. 172; Cadman v. Markle, 5 Law Rep. Ann., p. 707, and note.

4. "A tenant at will is one who enters into the possession of the lands or tenements of another lawfully, but for no definite term or purpose, but whose possession is subject to the determination of the landlord at any time he sees fit to put an end to it. He is called a tenant at will because he has no certain or sure estate, for the lessor may put him out at what time it pleaseth him. A tenant by sufferance is one who enters by lawful lease and holds over by wrong. A tenant at will is liable for rent, unless he was let in free of rent, and if the rent was fixed it may be distrained for, or if no rent is agreed, an action for use and occupation may be brought. A lease for an uncertain time is prima facie a lease at will." Wood's Land. and Ten., secs. 14–38, and notes; 4 Field's Law Briefs., secs. 454, 455.

No appearance for defendant in error.

HOBBY, PRESIDING JUDGE, *Section A.*—Mrs. Mary J. Robb filed her petition in the District Court of Bexar County on October 29, 1889, alleging the necessary jurisdictional facts, and further, that "the defendant, the San Antonio Street Railway Company, occupied by permission of plaintiff, as her tenant, from the 1st day of February, 1884, until the 1st day of September, 1889, the following real estate, to wit, the east half of a certain lot or parcel of land situated in said county, and in the new portion of the city of San Antonio, and more particularly described," etc., giving a full description of the same. It was also averred, "that the use of the said premises for said period was reasonably worth the sum of $1675; that the defendant has not paid said amount or any part thereof, although frequently requested," etc.

To this petition, on the 2d day of December, 1889, defendant appeared and filed a general and two special exceptions and an answer to the merits.

The grounds of the special exceptions were: 1. That "it appeared upon the face of said petition that there was no promise or agreement upon which plaintiff's action is brought nor any memorandum thereof in writing and signed by the defendant thereto lawfully authorized, and that the same appears to have been for the lease of real estate for a longer term than one year; wherefore the same appears upon the face of said petition to be within the statute of frauds, and that the plaintiff can not recover herein by reason thereof."

2. "That it appeared upon the face of the petition that plaintiff's claim is not evidenced by any instrument in writing, and that plaintiff's right of action, if any she has, accrued more than two years prior to the institution of this suit, and is barred by the statute of limitation of two years, which is here pleaded by way of special exception, as appearing upon the face of plaintiff's pleading."

On March 29, 1890, the above exceptions were presented to the court, and were by the court sustained, and plaintiff refusing to amend, final judgment was rendered for defendant, the said San Antonio Street Railway Company, to which plaintiff excepted.

The cause is before us on writ of error prosecuted by the plaintiff, Mrs. Mary J. Robb.

The ruling of the court sustaining the special exceptions to the petition is complained of under the first assignment of error. The first exception assailed the petition, upon the theory that it showed upon its face that the action is founded on a lease of real estate for a longer term than one year, and there was no promise or agreement upon which the action is predicated, nor any written memorandum thereof signed by defendant or its authority.

The legal effect of the exception that the statute of frauds interposed a barrier to plaintiff's recovery, because the lease or contract sued on showed that it was not to be performed within a year, is not sustained by a reference to the petition. The allegation of a tenancy at will does not reveal within itself the fact that such tenancy was by parol or in writing. Nor does the petition disclose a verbal lease of or contract as to real estate upon which the action is brought, making it obnoxious to the statute of frauds, because such lease is for a longer term than one year.

It is only where the lease or contract alleged shows upon its face that it is for a longer term than one year, or that the performance thereof was not to be within a year, that the defect would exist which brings the action within the statute. To make the statute operate, it must appear that the lease extends for a longer period than one year, and that the agreement is one necessarily not to be performed within a year. It does not apply if either of these contingencies may happen.

It is obvious that the application of these rules will not operate to put the case stated in the petition within the statute. The averment is, that "the defendant occupied [the premises] by permission of the plaintiff as her tenant." The legal effect of which was to create a tenancy at will.

"A tenant at will is said to be one who enters into the possession of the land, etc., of another lawfully, but for no definite term or purpose, and whose possession is subject to the determination of the landlord at any time he sees fit to put an end to it." Either the landlord or tenant may terminate the tenancy at any time he desires to do so, although it may be declared to be, between the parties, a tenancy at the will of the former alone.

In addition to the almost infinite variety of ways in which this species of tenancy may be created, the relation may arise by a mere "permission and occupancy under it." Wood on Land. and Ten., sec. 14, et

seq. He is so called for the manifest reason that he can have no certain estate where it is dependent upon the pleasure of the lessor. Id. The distinction between this and a tenancy by sufferance is said to be, that in the former the entry and occupancy are lawful; in the latter the entry is lawful but the occupancy is not. Id.

Keeping in view the definition of a tenancy at will, and considering in this connection plaintiff's allegations, it is obvious that it does not appear therefrom that there is no promise or agreement in writing on which the suit is brought that the lease of the land was for a longer period than one year. A tenancy at will is not created necessarily by parol; it may be in writing. So, too, it is not necessarily a tenancy to extend for a longer period than a year. Yet to sustain the exceptions it must be presumed to be created by parol and to extend beyond a year. Again, it may be by parol and be performed within a year. It would clearly be entirely consistent with the averments of the pleader in this case to prove that the action is founded on a written agreement, or that the agreement or lease, if verbal, was not to be for a longer period than a year.

The statute of frauds works no change in our system of pleading. It regulates and establishes a rule of evidence. The contract declared on is not presumed to be oral, because that character of proof of it is excluded, and hence the presumption is rather that it is in writing when pleaded generally. Gonzales v. Chartier, 63 Texas, 37; Cross v. Everts, 28 Texas, 526. The first special exception was, we think, improperly sustained.

In view of a second trial of this cause, there is another aspect of it which it is believed may become of controlling importance. If there should be no such written lease as is contemplated by the statute, it would be necessary to consider the effect of the statute upon completed parol or oral leases. Its operation, as to the duration of such leases, is prospective. Where the verbal lease is annual, and to run so long as "the parties please, although when five or six years are past it is (regarding it retrospectively) a verbal lease of land, extending for a term beyond or longer than a year, still the lease is valid, as the statute applies to such leases for a number of years to come." Browne on Stat. of Frauds, sec. 35.

Again, if there be no written lease, this action may be then treated as a suit by the plaintiff to recover upon an executed contract, the benefits of the performance of which, by plaintiff, the defendant has received and enjoyed, and the reasonable value of which he is sued and liable for.

The classes of contracts or leases which the statute of frauds regulates the institution of actions upon, as well as the evidence in support of, are not declared by it illegal and void. Their enforcement may be

successfully resisted, when the statutory requirements are not observed, if the defendant invokes the statute. It is not the compliance with the statute, however, which constitutes the contract. The statute presupposes its legality, the enforcement of which is only suspended by the statute until its provisions are satisfied. Browne on Stat. of Frauds, sec. 115. Therefore, when the contract has been completely performed by the parties, their rights and obligations flowing from its execution are not impaired or increased, or in any degree attempted to be affected by the statute. Id. So, where the statute has denied to the parol agreement or verbal contract of the parties the effect of fixing the terms of the lease or tenancy which may be created by their subsequent acts, still, if the lessee or tenant has used and occupied the premises, he is liable on an implied promise to pay for such use and occupation. Id., sec. 40.

The reasonable value of the use and occupation is plainly stated, and the occupancy is alleged to be from February 1, 1884, to September 1, 1889, showing an executed contract, the benefits of the performance of which on the appellant's part the appellee has received and is liable for. The defense of limitation as contained in the exception can not prevail, because it is upon the ground that the petition shows that the cause of action is not evidenced by any contract in writing. This, we have seen, does not appear from the face of the petition; and the exception, therefore, should not have been sustained.

We are unable to say from the petition at what time the rents became due. The defense of limitation in bar of a recovery will of course depend upon the character of the agreement between the parties for the payment of rent. If it appears that the rents became due on the termination of the tenancy, the statute would apply from that date. If it was a verbal lease, with an agreement that the rents were due annually, then such rents as became due more than two years before the suit was filed would be barred. If a written lease, then such rents as became payable more than four years prior to the institution of the suit would be within the statute of limitation.

We think that the exceptions were improperly sustained, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*