ED R. BUMPASS ET AL. v. JOEL R. BOND.

No. 7235. Decided April 6, 1938.
(114 S. W., 2d Series, 1172.)

*Leake, Henry & Young,* of Dallas, *Frank Killough* and *W. G. Sears,* both of Houston, for plaintiff in error.

In construing a deed the whole instrument must be considered and the grantor's whole intention in incorporating the recital that he would warrant only a two-elevenths interest

was to except nine-elevenths interest in the land from the operation of the general warranty clause and to show that he at that time owned a two-elevenths interest. Gibbs v. Barkley, 242 S. W. 462; Wallace v. Crow, 1 S. W. 372; Berry v. Spivey, 97 S. W. 511; 14 Tex. Jur. 921.

*Black & Graves,* of Austin, *Renfro, McCombs & Kilgore,* of Dallas, and *Joel R. Bond, pro se,* of Dallas, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

This controversy involves the construction of a deed executed by Joel R. Bond and wife to Ed R. Bumpass, dated January 11, 1929, wherein the grantors conveyed to the grantee, for a consideration of $7448.80, evidenced by a vendor's lien note, several tracts of land, situated in Kaufman County, Texas, aggregating 568.4 acres. Suit was filed by Joel R. Bond against Ed R. Bumpass et al. for the amount due on his note, and for a foreclosure of his lien against the entire land, recognizing that W. P. Allen held a prior lien on 9/11 interest in said land. Bond claims his lien by virtue of the deed above described, and also claims an additional lien by virtue of a deed of trust executed by Ed R. Bumpass in 1936. The case was tried before a jury; and after the introduction of the testimony the trial court held that there were no issues to be submitted to the jury. The trial court also held that Bond was entitled to a foreclosure of his lien only as to a 2/11 interest in the land, and not on the entire interest, as claimed by him. Joel R. Bond appealed to the Court of Civil Appeals at Dallas, and that court reformed that part of the judgment of the trial court which foreclosed the lien held by Bond only as to a 2/11 interest in the land, and rendered judgment in his favor for foreclosure of the lien on the entire interest in the land, subject to prior liens, and the judgment of the trial court as reformed was affirmed. 100 S. W. (2d) 1047.

For brevity's sake we will refer to Judge Bumpass as Bumpass, and to Judge Bond as Bond. Bumpass filed an application for writ of error; and Bond also filed an application for writ of error, to be considered provided the application of Bumpass should be granted. This Court granted both writs, in order to review the opinion of the Court of Civil Appeals.

Bumpass contends that the deed from Bond and wife to him simply conveyed an undivided 2/11 interest, and not the entire interest, in the land described in the deed, and that by

reason of the restrictive language used in the deed, the vendor's lien created therein attached only to the 2/11 interest actually owned and sold by Bond, and that Bond cannot claim a lien on the 9/11 interest owned by the grantee, in the absence of an express contract lien therefor. On the other hand, Bond contends that the deed from himself and wife to Bumpass conveyed the entire interest in the land, and retained a vendor's lien against the entire interest to secure the payment of same. He also claims an additional lien by virtue of a deed of trust executed by Bumpass in 1936.

The deed, except as herein noted, is a general warranty deed, and the pertinent parts thereof read:

"We have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said Ed R. Bumpass of the County of Kaufman, State of Texas, all that certain lots, tracts or parcels of land situated in Kaufman County, Texas, and described as follows:"

Then follows a description of the seven tracts of land conveyed therein by metes and bounds, without any restriction whatsoever limiting the interest in the land to less than the entire interest as described therein. The deed concludes as follows:

"To HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto, in anywise belonging unto the said Ed R. Bumpass, his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said Ed R. Bumpass, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. But it is expressly understood and agreed that the grantors herein do not agree to warrant and forever defend the title to the above described premises except only as to an undivided two-elevenths (2/11) interest therein which is owned and held by the grantors.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above described note and all interest thereon are fully paid according to its face, tenor, effect and reading, when this deed shall become absolute."

The vendor's lien note described in the deed also contains the following description of the land: "This Note is given in payment for a certain lot or parcel of land situated in Kaufman

County, Texas, and being 439.04 acres of the R. Sowell Survey and 129 acres of the E. English Survey, and being the same land this day conveyed to Ed R. Bumpass by Joel R. Bond and wife Sara Lillian Bond and to secure the payment hereof, according to the tenor hereof a Vendor's Lien is retained in this Note, and in said conveyance."

On January 1, 1936, Bumpass executed a note renewing and extending the original note of date January 11, 1929, wherein he acknowledged the existence of the lien on the entire interest in the land, and also executed a deed of trust, dated January 13, 1936, to Fred T. Porter, Trustee, wherein said land was described, without any restriction or limitation as to the interest conveyed, and such additional lien was given to secure the original note, together with the interest thereon, described in the deed dated January 11, 1929.

Mr. Justice LOONEY in his opinion has clearly stated the substance of the pleadings filed by all parties (to which opinion we refer for a more detailed statement of such pleadings), and has aptly and tersely stated the issues in the following language: "To summarize, the issues presented to the trial court are these: Appellant claimed a first lien upon a 2/11 undivided interest in the 568.4 acres of land; W. P. Allen claimed a first lien upon an undivided 9/11 of said land to secure balance of $8,039.38 due upon note; the priority of neither of these liens is disputed by either party, and appellant also claimed a second lien upon the undivided 9/11 interest as security for the note sued upon; and W. P. Allen also claimed liens subject only to the rights of appellant, if any, as security for other notes held against Bumpass and other defendants, not material here."

It is undisputed that on or before January 11, 1929, Bond owned an undivided 2/11 interest, and Bumpass owned an undivided 9/11 interest, in the 568.4 acres of land in question. On January 11, 1929, Bond and wife executed the deed above described to Bumpass, for a consideration of $7,488.80, evidenced by a vendor's lien note executed by Bumpass. In addition thereto, as stated above, Bumpass executed a deed of trust to Porter, as Trustee, and a renewal note as above described.

1 The question presented for decision is whether Bond is entitled to a foreclosure of the vendor's lien on the entire interest in the land conveyed to Bumpass, as held by the Court of Civil Appeals, or to a foreclosure of the lien as to only an undivided 2/11 interest therein, as held by the trial court. This

decision calls for a construction of the instruments creating the lien; and since no issues of fact were raised to be determined, it therefore becomes purely a question of law for the court.

As we review this record, no issue of fact was raised to be determined by the jury; and the trial court was correct in so holding. No issue of fraud, accident, or mistake having been raised for determination, the construction of the instruments was a matter for the court, 14 Tex. Jur., pp. 913 and 914, Section 135.

We quote further from the opinion of the Court of Civil Appeals:

"Since the deed under consideration conveyed to appellee Bumpass the entire interest in the land, expressly retaining a lien to secure the note given for the 2/11 undivided interests purchased by him, and since the note executed by him also acknowledged the existence of the lien on the entire interests in the land, in the absence of any contention that the conveyance or the note was the result of either fraud, accident, or mistake, we do not think an explanation can be found for the transaction, other than that it was the intention of the parties to secure the note by an express vendor's lien on the 2/11 interest conveyed, and by a contract lien, in the nature of a mortgage, on the 9/11 interest owned by appellee, as additional security."

2 The dominant purpose in construing a deed is to ascertain the intention of the parties as expressed in the deed itself; and such intention expressed therein is a controlling factor: Totten v. Smith et al., 131 Texas 219, 113 S. W. (2d) 517, and cases cited. If there be doubt as to what the intention of the parties was, due to the language of the deed, such doubt should be resolved against the grantor. Curdy v. Stafford, 88 Texas 120, 30 S. W. 551; 14 Tex. Jur., p. 916, Sec. 138; 18 C. J., p. 263, Sec. 219.

It is the rule that the intention of the parties must be gathered from the entire instrument, and not from some isolated clause or paragraph. The entire instrument must be construed as a whole in order to arrive at the intention of the parties. Gibbs v. Barkley, (Com. App.) 242 S. W. 462; Reynolds v. McMan Oil & Gas Co., (Com. App.) 11 S. W. (2d) 778; 14 Tex. Jur., p. 919, Sec. 140; see also 18 C. J., p. 256, Sec. 203, and cases cited.

3 Now let us analyze the instruments in question. It is undisputed that the grantor's conveyed, without restrictions, the

entire interest in the 568.4 acres of land, and retained a vendor's lien thereon to secure the payment of such note described in the deed and executed by the grantee. It is also undisputed that the deed and note were delivered, and the grantee accepted the deed and placed it on record, and it was kept in his possession for several years without protest or complaint. But it is contended that, by reason of the grantors' stating in the deed that they warranted the title to only 2/11 interest in the land, it expressed the intention of the grantors to retain a lien only on such 2/11 interest. It is furthermore undisputed that W. P. Allen held a prior lien on the 9/11 interest owned by Bumpass at the time Bond sold his interest to Bumpass. The consideration for the sale was all on credit, and when the entire deed is construed, it appears that the grantors intended, as expressed in the deed and note, to convey the entire interest in the land and retain a vendor's lien thereon. It may also be fairly and reasonably concluded, in view of the fact that Allen held a prior lien on the 9/11 interest owned by Bumpass, that the general warranty as expressed in the deed was limited to the 2/11 interest owned by the grantors, and that they did not desire to warrant the 9/11 interest as against prior liens outstanding against such interest.

When all the parts of the deed are considered, we are unable to agree to the contention that the lien was limited only to the 2/11 interest owned by the grantors. The issue of fraud, accident, or mistake was not raised. Both Bond and Bumpass are distinguished lawyers; they are men of high character and ability, and have had large experience in business affairs. They prepared and executed the deed, notes, and deed of trust relating to this transaction, and saw fit to declare their intention with respect to the transaction. With the exception of the limitation of the general warranty to the 2/11 interest, the instruments all clearly express the intention that the lien was intended to attach to the entire interest in the land.

4 It is the right of parties to execute deeds and notes relating to sales of land. It is to be presumed that such instruments, duly executed, express the intention of the parties. Unless the intention is in doubt, on account of the ambiguity of the language used, courts, in the absence of the determination of the issue of fraud, accident, or mistake, have neither the right nor the authority to undertake to make a deed for parties, or to thwart the intention of parties expressed in a deed and other instruments relating to a transaction.

5 Furthermore, it is undisputed that Bumpass, in 1936, exe-

cuted a renewal note and deed of trust, wherein the existence of the original lien on the entire interest in the land was acknowledged; and in this deed of trust executed by him the land was again described without any restrictions as to the interest conveyed to secure the amount of the original and renewal notes. Thus it appears that the parties by their own actions construed the lien, as described in the original deed and note, as attaching to the entire interest in the land. 14 Tex. Jur., p. 924, Sec. 146; 18 C. J., p. 279, Sec. 246.

The deed from Bond and wife to Bumpass conveyed, without any restriction whatever, the entire interest in the land, and a vendor's lien was expressly retained thereon to secure the payment of the note executed by Bumpass. There is no ambiguity about the description of the land contained in the deed or the vendor's lien retained thereon. It was the duty of the trial court to foreclose the vendor's lien on the entire tract, subject to prior liens on the 9/11 interest owned by Bumpass, unless it was shown that the deed and note did not represent the contract between the grantors and the grantee. Totten v. Smith, 131 Texas 219, 113 S. W. (2d) 517, and cases cited. The burden rested upon Bumpass to show that the deed and note did not reserve a vendor's lien on the entire interest in the land. After the evidence was introduced, the trial court held that no issues of fact had been raised. Therefore it was the duty of the court to interpret the deed. Gardner v. Stell, 34 Texas 561; Sullivan v. Fant, (Civ. App., writ refused) 160 S. W. 612; 14 Tex. Jur., p. 913, Sec. 135.

Since no fact issues had been raised, the trial court construed the deed and note, and held that the lien attached only to 2/11 interest, instead of the entire interest as claimed by Bond. The Court of Civil Appeals construed the deed and note differently from the interpretation given by the trial court, and held that the deed and note reserved a vendor's lien on the entire interest in the land, and rendered judgment accordingly. We think the Court of Civil Appeals correctly interpreted the instruments and rendered the proper judgment.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered April 6, 1938.