AELVOET et al. v. SCHUTZ.

No. 11433.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 2, 1944.

Burton W. Morris and Al M. Heck, both of San Antonio, for appellants.

Davis, Hall, Clemens & Knight, of San Antonio, for appellee.

NORVELL, Justice.

This case involves the construction of a deed executed in 1929, by Francis M. Burkett, Fred Elias Burkett and F. M. Burkett (joined by their respective wives) and delivered to the appellee, Wm. F. Schutz. The trial court construed this instrument in accordance with Schutz's contentions and issued a temporary injunction against appellants. This is an appeal from the interlocutory order.

The deed recited that a certain fifty-acre tract, described by metes and bounds, was owned by the Burketts, and that an adjoining tract of 49.49 acres (also described by metes and bounds) was owned by Schutz. The deed then continued as follows:

"Whereas there is a well, together with pump and engine used in connection with said well on a part of said tract of land belonging to F. M. Burkett et al;

"Now, Therefore, Know All Men By These Presents: That we, Francis M. Burkett and wife, Mable Claire Burkett, and Fred Elias Burkett and wife, Irene H. Burkett, and F. M. Burkett and wife, Fannie L. Burkett, all of Bexar County, Texas, in consideration of the sum of $3500.00 to us in hand paid by Wm. F. Schutz, the receipt of which is hereby acknowledged, and subject to the conditions hereinafter set forth, do by these presents grant, sell and convey unto said Wm. F. Schutz, of Bexar County, Texas, an undivided one-half interest in and to said well, casing, pumps, etc., and the right to take one-half of the water from said well and to store such water for domestic purposes in an over-head tank erected adjacent to said well and to convey such water from said well and/or from said tank to his above described tract of land by either or both a pipe or/and a ditch, hereby granting to said Wm. F. Schutz for the use and purpose of storing and conveying such water as aforesaid an easement on, in, over and across, a strip of land 10 feet in width, the center line of said strip of land beginning at said well and extending in a Northerly direction to a point 5 feet distant from the North line of the said tract of Burketts above described, and thence in an Easterly direction parallel to and 5 feet distant from said line to the West line of said tract of Wm. F. Schutz.

"This conveyance is made upon the condition that said grantee, his heirs and assigns shall bear one-half of all expenses connected with the operation of said pump and engine and keeping the same in repair and one-half of all the expenses connected with the maintenance of said well and all things accessory thereto.

"This conveyance is also made upon the condition that the grantee, his heirs and assigns shall keep and maintain the tank, pipe and ditch in good order so that there will be no leakage or seepage therefrom, or any other effects that may cause injury to the land and premises of the grantors.

"To Have and to Hold the said right and easement to take water and to store and conduct same on, over, through and across, the land of the grantors, subject, however, to the above conditions unto the said Wm. F. Schutz his heirs and assigns forever as appurtenant to the above described tract of land belonging to the said Wm. F. Schutz."

Schutz made use of the water from the well mentioned in the deed for the purpose of irrigating the 49.49-acre tract until August 14, 1943, when he conveyed said property to the United States of America. The deed to the United States did not operate to convey any of the rights in and to the well on the Burkett tract which Schutz had acquired from F. M. Burkett et al. On September 15, 1943, Schutz acquired an easement from the United States which permitted him to lay a pipe across the north end of the tract which he had theretofore sold to the government. Schutz's purpose and intent was to run water from the well

on the Burkett tract onto a certain thirty acre tract owned by him in the vicinity. He intended to make use of the easement granted in the Burkett deed to him and the pipe-line easement acquired from the United States in transporting water from the well on the Burkett tract to his thirty acre tract.

Appellants, Remi Aelvoet and others, now own the Burkett tract and threatened to interfere with Schutz's intended transportation of water to his thirty acre tract. To prevent such threatened interference, Schutz brought this suit for injunction.

■ Appellants here concede that Schutz, under the deed from the Burketts, acquired an undivided one-half fee simple interest in the well, the water therein, and the casing, pumps, etc., used in connection with said well, but contend that Schutz "did not acquire an unlimited right to use one-half of the water, (and) that the easement created was, in effect, an easement appurtenant to the ownership of a specific tract of land."

We are unable to agree with appellants' proposed construction of the deed involved. The granting clause effectively conveys "an undivided one-half interest in and to said well, casing, pumps, etc." The easement for water transportation purposes is for use in conveying water from the well "to his (Schutz's) above described tract of land." This language does not restrict Schutz's right to *use* the water only upon the particular tract then owned by him and described in the instrument. He is now insisting upon his right to transport the water *to* the particular tract of land owned by him in 1929, but now owned by the United States, and thence from and across said tract to his thirty acre tract using the easement acquired from the government.

The grant is expressly based upon two conditions; i. e., payment of one-half of the expenses of upkeep and the maintenance of conveying pipes and ditches in a state of good repair. There is no contention that these conditions have been breached. Except for the wording of the habendum clause, wherein the right and easement is described as being "appurtenant to the above described tract of land belonging to the said Wm. F. Schutz," there would be no difficulty of construction presented.

■ In speaking of the construction of deeds, the Supreme Court, in Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61, 63, said:

"The governing rule in the construction of written instruments is, 'that every part of the instrument should be harmonized and given effect to if it can be done.' Hancock v. Butler, 21 Tex. [804], 806.

"But this rule does not demand that every part of the deed shall be treated as of equal weight in the solution of every question that may arise. 'The habendum may be entirely rejected if repugnant to the other clauses of the conveyance.' Devl.Deeds, § 213."

■ We think the rule stated has application here, as does the rule that "if there be doubt as to what the intention of the parties was, due to the language of the deed, such doubt should be resolved against the grantor." Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172, 1174; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Rettig v. Houston West End Realty Co., Tex.Com. App., 254 S.W. 765.

We think controlling effect must be given to the unrestricted grant of an undivided one-half interest in the well, which includes one-half of the water which may be therein or taken therefrom. In our opinion the grant here is much more extensive than that before the Supreme Court of Minnesota in Minneapolis Mill Co. v. Hobart, 26 Minn. 37, 1 N.W. 45, 46, an authority relied upon by appellee, in which the interest conveyed was "the right * * * to have and draw * * * water * * * to be used upon" certain specified tracts of land.

Appellants also contend that the original easement acquired by Schutz under the Burkett deed has been released by him. It is specifically urged that this original easement was enlarged by a subsequent written instrument, and that a release of the second easement operated as a release of the prior easement described in the Burkett deed. We have examined the written instrument involved and have concluded that appellants' position is not tenable. We find no basis for saying that Schutz at any time ever intended to release the original easement.

We conclude that the trial judge did not abuse his discretion in awarding appellee a temporary injunction. The decree appealed from is accordingly affirmed.