C. W. NEWSOM

v.

Mrs. Minnie L. NEWSOM.

No. 3828.

Court of Civil Appeals of Texas.

Eastland.

Sept. 20, 1963.

Rehearing Denied Nov. 8, 1963.

Woodruff & Woodruff, Darrell R. Shelton, Brownwood, for appellant.

Holloway & Slagle, Brownwood, for appellee.

GRISSOM, Chief Justice.

S. Y. and Eula Newsom acquired, as community property, the J. J. Cox survey. Eula Newsom died intestate in October, 1918. C. W. Newsom was the only child of S. Y. and Eula Newsom and the sole heir at law of Eula Newsom. He inherited from his mother an undivided one-half interest in the Cox survey. In 1920, S. Y. Newsom, the father of C. W. Newsom, married Minnie Newsom. They lived on the Cox survey until S. Y. Newsom's death in May, 1958. In July 1959, Mrs. Minnie Newsom bought a house in Brownwood and moved into said house and off the Cox survey. In April 1958, S. Y. and Minnie Newsom executed a deed to C. W. Newsom. They thereby conveyed to C. W. Newsom several small tracts of land aggregating 205 acres. That land is not here in controversy. They also conveyed to C. W. Newsom another tract described therein as *"All of the J. J. Cox Survey* No. 38, Abstract No. 216, patented to W. C. Dunn, assignee of J. J. Cox, by Patent No. 105, Vol. *7, now owned by grantors."* (Emphasis ours.). The grantors reserved possession of "the above described land and premises" and the rents, revenues and profits thereof during the natural life of grantors and the right to lease "said land above described" for oil and gas development. The consideration recited was love and affection for C. W. Newsom and for the purpose of partitioning "our" real estate among our three children. Neither of the grantors owned any part of the one-half interest in the Cox survey which C. W. Newsom had inherited from his mother in 1918. It was not their real estate. This was understood by all parties to the deed.

Mrs. Minnie Newsom sued C. W. Newsom for (1) possession of said land, including all of the Cox survey, one-half of which had been inherited by C. W. Newsom in 1918. Mrs. Newsom alleged execution and delivery of said deed and that by virtue of the reservation therein she was entitled to exclusive possession of all the Cox survey. Mrs. Newsom also sued C. W. Newsom for $1400.00 rent on the Cox survey. She alleged that in July, 1959, by a parol contract, she rented said Cox survey to C. W. Newsom for $350.00 per year and that he owed her $1400.00 for four years rent.

On December 20, 1962, in a trial to the court, judgment was rendered awarding Mrs. Newsom possession of all the Cox survey for life, but the court held that the parol contract leasing the land violated the statute of frauds and was not enforceable, and denied her a recovery of rent. C. W. Newsom appealed from the part of the judgment awarding his stepmother exclusive possession of all the Cox survey. Mrs. Minnie Newsom appealed from that portion of the judgment refusing her a judgment for rent.

We will first consider the contention of C. W. Newsom that the court erred in giving his stepmother exclusive possession of all the Cox survey during her life time because he is entitled to possession as the owner of an undivided one-half interest therein by virtue of inheritance of such

interest from his mother. Mrs. Minnie Newsom contends that she is entitled to exclusive possession of all the Cox survey, despite C. W. Newsom's ownership of a one-half undivided interest therein, because she reserved a life estate in all the Cox survey, including C. W. Newsom's said interest, when she and S. Y. Newsom executed said deed to C. W. Newsom. The court found that, in April, 1958, S. Y. and Minnie Newsom conveyed to C. W. Newsom all of the Cox survey, reserving the possession and benefit thereof during the life of the grantors; that C. W. Newsom accepted delivery of said deed and recorded it; that by accepting the deed "purporting to convey the whole" of the Cox survey, notwithstanding his ownership of a one-half interest therein, C. W. Newsom was estopped to claim possession of any part of the Cox survey during the life of Minnie Newsom. We think this was error. C. W. Newsom could not be estopped to assert a right to possession of part of the Cox survey by accepting delivery and recording said deed because it did not purport to convey all the Cox survey. It did not include C. W. Newsom's interest. On the contrary it conveyed only "all of the J. J. Cox survey * * * now owned by grantors." The grantors only owned a one-half interest and C. W. Newsom owned the other half. Such ownership had been known to, recognized by and acquiesced in by all of said parties for many years. C. W. Newsom's claim to the right of possession of part of the Cox survey was not in any way inconsistent with his acceptance of delivery and recording of a deed that conveyed only the interest then owned by the grantors, and then reserved a life estate in what was conveyed. See 31 C.J.S. Estoppel § 45, p. 225; 28 Tex.Jur.2d 617. The judgment is wrong insofar as it awards to Minnie Newsom exclusive possession of all the Cox survey for life. She acquired by said deed no interest in that which C. W. Newsom already owned.

Mrs. Minnie Newsom contends the judgment should be reversed insofar as it denies her recovery of rent on the Cox survey. The court found that Mrs. Newsom orally leased the Cox survey to C. W. Newsom for a term longer than one year. We agree with the court's holding that this parol agreement was unenforceable under the statute of frauds. Article 3995, Section 4; 26 Tex.Jur.2d 238; Hill v. Hunter, Tex.Civ.App., 157 S.W. 247, (Writ Ref.); Urban v. Crawley, Tex.Civ.App., 206 S.W.2d 158, (Ref. N.R.E.), and Walker Avenue Realty Co., Inc. v. Alaskan Fur Co., Inc., Tex.Civ.App., 131 S.W.2d 196, (Writ Ref.). The court correctly denied Mrs. Newsom a judgment for rent on the Cox survey.

The judgment is modified so as to deny Minnie Newsom exclusive possession of the Cox survey. In all other respects the judgment is affirmed.