Minnie L. NEWSOM, Petitioner,

v.

C. W. NEWSOM, Respondent.

No. A–9892.

Supreme Court of Texas.

April 15, 1964

Rehearing Denied May 20, 1964.

Holloway & Slagle, Brownwood, for petitioner.

Darrell Shelton, E. P. Woodruff, Jr., Brownwood, for respondent.

STEAKLEY, Justice.

The Petitioner is Minnie L. Newsom, Plaintiff below, who sued her stepson, C. W. Newsom, Respondent here, for possession of certain land, later described, for rent and, in the alternative, for partition. The trial court rendered judgment for Petitioner for possession but denied her suit for rent. The Court of Civil Appeals held that Petitioner was not entitled to exclusive possession of the land and modified the judgment of the trial court to this extent. C. W. Newsom v. Mrs. Minnie Newsom, Tex.Civ.App., 371 S.W.2d 894.

The principal problem of the case involves the construction of a deed dated April 23, 1958, to Respondent from his father and stepmother. The father died shortly after execution of the deed. The deed reads as follows, omitting the metes

and bounds description of the tracts of land not here involved:

"That we, S. Y. Newsom and wife, Minnie L. Newsom, of the County of Brown, State of Texas, for and in consideration of the love and affection we have for our son, CHARLES WILLIS NEWSOM, and for the purpose of partitioning our real estate among our three children, subject to certain restrictions hereinafter set out, have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto the said Charles Willis Newsom, of the County of Brown, State of Texas, subject to the restrictions below made, all those certain tracts and parcels of land lying and being situated in Brown County, Texas, and described as follows:

"FIRST TRACT:

"Being 60.58 acres of the M. R. Williams Survey No. 71, 12.63 acres of the William Patton Survey No. 25, 109.88 acres of the W. C. Anderson Survey No. 6, and 22 acres out of the William Guyman Survey.

\*　　\*　　\*　　\*　　\*　　\*

"SECOND TRACT:

"All of the J. J. Cox Survey No. 38, Abstract No. 216, patented to W. C. Dunn, assignee of J. J. Cox, by patent No. 105, Vol. 7, now owned by grantors.

"THIS conveyance is subject to an easement and right-of-way in favor of CHARLES EDWIN SPILLMAN across the M. R. Williams Survey No. 71 and a part of the William Patton Survey No. 25 more fully described in deed this day executed by grantors to Charles Edwin Spillman.

"TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said Charles Willis Newsom,

his heirs and assigns, forever; subject, however, to the reservations below made.

"And we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said Charles Willis Newsom, his heirs and assigns, subject to said reservations, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof, SAVE AND EXCEPT, however, that the grantors herein expressly reserve, and it is expressly agreed and understood, that they shall have for themselves and their assigns, the full possession, use, and benefit of the above described land and premises, as well as the rents, revenues, and profits thereof for and during the natural lives of grantors, and grantors further reserve unto themselves, and their assigns, for and during the natural lives of grantors, the exclusive right to lease said land above described for oil, gas, and other minerals, and to receive and have for themselves all bonus money, rentals and royalties paid under the terms of any such lease or leases."

The J. J. Cox Survey was originally acquired as community property of Respondent's mother and father. His mother died intestate in 1918. Respondent was the only child of this marriage and as such inherited an undivided one-half interest in the tract of land. S. Y. Newsom subsequently married the Petitioner. They lived on the Cox Survey. Petitioner had two children by a former marriage. No children were born to S. Y. Newsom and Petitioner. As shown by its provisions, the deed was executed pursuant to a plan of partitioning the real estate interests of S. Y. Newsom and Petitioner between the three children.

█ The life estate reservations in the lands conveyed is clear. The question is whether this reservation as to the J. J. Cox Survey is limited to the one-half undivided

interest owned by the grantors, or was intended to include all the Survey. If the latter, the life estate is enforceable against Respondent by virtue of his act of accepting the deed with its benefits to him. Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626. The deed represents a bilateral agreement to which Respondent as grantee is bound contractually; he is estopped by his acceptance of the deed to deny the provisions or reservations therein which may be adverse to him.

■ The problem of the proper construction of the deed is one of determining the intent of the parties. Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442; Smith v. Allison, 157 Tex. 220, 301 S.W.2d 608. The reservation by the grantors of a life estate in the lands described in the conveyance clauses can be reduced to a one-half interest in the J. J. Cox Survey only by giving controlling effect to the words "now owned by grantors" by which the description in the deed of this particular tract is concluded. In our opinion, the more reasonable construction is that this phrase was no more than a descriptive limitation. The deed thereby purported to convey to Respondent only that which was owned by the grantors. But the life estate reservation contemplated a natural protection to the father and stepmother of Respondent, i. e., that they would have a life estate in all the properties conveyed, including the Cox Survey which they were occupying as their homestead. Otherwise, the grantors could lose their existing rights in the full tract upon the establishment of a homestead elsewhere, or, upon the death of Respondent's father, his surviving wife would have homestead rights in only the one-half interest of her husband. It does not comport with human experience that the husband and wife grantors would partition their estate between the three children while living— in lieu of a testamentary disposition by wills —without preserving their existing rights in the entire J. J. Cox Survey, and we would not hold that such was their intention in the absence of clear language to such

effect. We construe the reference to "the above described land and premises" in the life estate reservation paragraph in the deed as a reference to the land itself—the J. J. Cox Survey—and not to the actual one-half interest conveyed. Cf. Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172.

Accordingly, Petitioner is entitled to exclusive possession of the land, and the trial court correctly so decreed.

As before noted, however, the trial court denied petitioner's suit for rent notwithstanding his findings of fact that "* * * the plaintiff, Minnie L. Newsom, on or about July 1, 1959, orally agreed to lease the J. J. Cox Survey to defendant, C. W. Newson, for as long as he, the defendant, wanted it at a rental of $350.00 per annum"; "That the defendant, C. W. Newsom, went into possession of said J. J. Cox Survey sometime after July 1, 1959, and before August 1, 1959"; and that "After going into possession of the J. J. Cox Survey in July of 1959, the defendant, C. W. Newsom retained the entire use and possession of said land up to and including the date of the trial of this cause, and has refused to surrender possession of said land, and has failed and refused to pay any part of the agreed rental, to the plaintiff."

■ One of the conclusions of law of the trial court, with which the Court of Civil Appeals agreed, was that "The plaintiff is not entitled to recover any monies from the defendant for rent for the reason that the lease agreement was an oral lease agreement for a period of more than one year, and the claim asserted by the plaintiff for rental is barred by the Statute of Frauds."

The foregoing findings of fact were not challenged by Respondent before the Court of Civil Appeals and are not questioned here. Contrary to the views of the courts below, it is our opinion that under these findings a recovery of the unpaid stipulated rental not barred by the two-year statute of limitation was not precluded by the statute of frauds. The agreement was performed by Petitioner and Respondent accepted the

benefits of possession of the land. Showalter v. Macdonnell, 83 Tex. 158, 18 S.W. 491; Robb v. San Antonio St. Ry. Co., 82 Tex. 392, 18 S.W. 707; Anderson v. Eliot, Tex. Civ.App., 333 S.W.2d 654, error ref.; Johnson v. Neeley, Tex.Civ.App., 36 S.W.2d 799, error dism.

Recognizing the application of the two-year statute of limitation, Petitioner asserts that she should recover the unpaid annual rental of $350.00 for the years ending August 1, 1960, 1961, 1962, and to the date of trial, December 20, 1962, on a proportionate basis. Respondent replies that Petitioner's recovery for rent can in no event exceed $1050.00, i. e., if the rent was payable in advance, the first payment on August 1, 1959, is barred and only the annual rentals due on August 1, 1960, 1961, and 1962 are recoverable; or if the rentals were payable at the end of each year, only those due on August 1, 1960, 1961, and 1962 had matured at the time of trial. The solution of this problem requires a reversal of the judgments below and a remand of the case. The trial court made no finding of fact with reference to these matters and the evidence in these respects is inconclusive.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

WALKER, NORVELL and GREENHILL, JJ., dissenting.

WALKER, Justice (dissenting).

In my opinion a purported reservation in a deed should not be held to vest in the grantor an interest in land previously owned by the grantee unless the language of the instrument is so plain as to admit no other construction. I would affirm the judgment of the Court of Civil Appeals as to the effect of the conveyance in this case, although I agree that petitioner is entitled to recover accrued rent for the years re-

spondent occupied the property to the extent that her claim therefor is not barred by limitation.

NORVELL and GREENHILL, JJ., join in this dissent.

ON MOTION FOR REHEARING

STEAKLEY, Justice.

Petitioner has filed a Motion for Rehearing in which she offers to remit any claim for rent in excess of $1,050.00. Our remand of the case was for the purpose of determining if Petitioner is entitled to rent in excess of such sum. Accordingly, Petitioner's Motion for Rehearing is granted and our judgment heretofore rendered is set aside with the following substituted therefor:

The judgment of the Court of Civil Appeals is reversed. The judgment of the trial court is modified so as to render judgment for Petitioner for rent in the sum of $1,050.00, and, as so modified, is affirmed.

Respondent's Motion for Rehearing is overruled.