Walter M. EDWARDS et al., Appellants,

v.

SOUTHAMPTON EXTENSION CIVIC CLUB et al., Appellees.

No. 1324.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 28, 1976.

Rehearing Denied Sept. 8, 1976.

Larry D. Knippa, Heath & Knippa, Houston, Bowen L. Florsheim, Smith, Smith, Dunlap & Cantebury, Dallas, Elliot W. Jones, Mays, Houston, for appellants.

Carlyle W. Urban, Urban, Coolidge, Pennington & Scott, Houston, for appellees.

CURTISS BROWN, Chief Justice.

The Southampton Extension Civic Club and twenty-eight individuals (plaintiffs or appellees), representing homeowners within Southampton Place Extension subdivision, filed a suit in the district court of Harris County against eleven individuals and one corporation who had failed or refused, as owners in the subdivision, to execute a document purporting to renew the restrictions in Southampton Place Extension. The plaintiffs sought a judgment declaring that certain deed restrictions had been validly

renewed so as to cover all lots facing on eight named streets. After a non-jury trial, the trial court rendered judgment for the plaintiffs. Only three of the several defendants (defendants or appellants) have perfected this appeal. Appellants present eleven points of error. They basically claim that the extension clause of the instrument in question limits the extension of the deed restrictions to a single period of not more than twenty-five years.

Southampton Place Extension subdivision is an addition located in Harris County. By a general warranty deed dated July 1, 1925, the tract constituting the subdivision was conveyed by Hermann Hospital Estate to E. H. Fleming, Trustee. This conveyance was made subject to certain restrictions the main thrust of which was to prevent use of the property for business purposes. The parties press different constructions of paragraph 7 of the provisions relating to restrictions:

"(7) The foregoing Restrictions shall apply with respect to each or every lot or tract sold in the said addition for a period of twenty-five (25) years from and after the date hereof and after the expiration of said twenty-five (25) years if the majority of the owners of lots fronting on any street in the said addition shall by written instrument duly acknowledged, and filed for record, signify their desire and purpose to extend the Restrictions for a further period the same may be in such manner extended for a period of twenty-five (25) years or less as may be desired and by a majority of the owners of lots fronting on such street is meant a majority of individuals owning lots in the addition without reference to the amount owned by each."

In June of 1950 the restrictions were validly renewed for eight streets for a period of twenty-five years. Appellants argue that paragraph 7 should be interpreted to mean that after the expiration of the initial twenty-five year period, the restrictions could be extended for only one further period of twenty-five years or less, after which they would expire. Appellees argue that this provision should be interpreted to mean that although the restrictions can only be extended for one twenty-five year period *at a time*, such extensions may continue indefinitely, so long as a majority of the owners on each street agree to do so.

In construing the instrument we think that the following rules of construction should be applied: (1) A deed should be construed so as to ascertain the intention of the parties and give effect thereto. *Newsom v. Newsom*, 378 S.W.2d 842 (Tex.Sup. 1964). (2) This intention should be gathered from the entire instrument construed as a whole. *Dallas Joint Stock Land Bank v. Harris*, 138 Tex. 84, 156 S.W.2d 963 (1941). (3) Restrictions are generally construed strictly in favor of the grantee and against the grantor, and in favor of the free use of property. *MacDonald v. Painter*, 441 S.W.2d 179 (Tex.Sup.1969).

The language in the restriction clause (paragraph 7), ". . . signify their desire and purpose to extend the Restrictions for *a further period* the same may be in such manner extended for *a period* of twenty-five (25) years or less," clearly contemplates a single extension. This single period having been exhausted by the extension of June 30, 1950, the restrictions are not in effect with respect to the appellant Edward's property on Dunstan Street nor with respect of the property of appellants Mr. and Mrs. Davis on Bolsover.

Paragraphs 1 and 2 of the deed restrictions read as follows:

"(1) The [sic] shall *never* be erected, permitted, maintained, or carried on upon any of the said property any saloon or place for the sale or manufacture of malt, vinous or spiritous liquors, any foundry, brick yard, cemetery, crematory, or any establishment for the care or cure of persons afflicted with tuberculosis or any institution for the cure or restraint of the mentally impaired or any detention home, reform school, asylum or any institution of like or kindred nature or any slaughter house or tannery or any noxious interest, trade or business;

"(2) That no part of the said property shall *ever* be used for the purpose of wholesale or retail business of any kind." (Emphasis added.)

It could be contended, although appellees do not, that the above provisions fall within the rule announced by Chief Justice Calvert in *Moore v. Smith*, 443 S.W.2d 552 (Tex. Sup.1969) as follows:

"The intention of the grantor-trustor, Cullinan, to restrict the lots against use for business or commercial purposes in perpetuity or indefinitely is clearly evidenced by the language of paragraph 17. He said, in effect, that the lots in Shadyside should *never* be used for business or commercial purposes, and that no utility poles or lines should '*ever* be erected on any part of said property' except in a particular space, five feet in width. How he could have expressed an intention to prohibit use of the lots for business or commercial purposes in perpetuity or indefinitely in language which was plainer, less ambiguous, or more positive, can hardly be imagined." *Id.* at 555 (emphasis that of the supreme court).

Unfortunately for appellees such contention would strain these specific provisions out of context. In the first place paragraph 7 specifically deals with the duration and extension of the restrictions including paragraphs 1 and 2. Equally important, paragraph 7 expressly provides: "The foregoing restrictions. . . ." The use of this language *includes* paragraphs 1 and 2 and makes them subject to the provisions of paragraph 7, the extension clause.

■ Appellants' points 1 and 2 are sustained. Therefore, with respect to appellants W. A. and Martha Davis on Bolsover Street and appellant Walter M. Edwards on Dunstan Street the judgment is reversed and rendered and the restrictions in question are declared ineffective as to them. With respect to the nonappealing defendants and the streets of Albans Road, Wroxton, Sunset, Quenby, Robinhood and Tangley the cause is severed and, as severed, the judgment of the trial court is affirmed. Costs are taxed against appellees.

Reversed and rendered in part and affirmed in part.

CIRE, Justice (dissenting).

I respectfully dissent.

My brethren interpret paragraph (7) as meaning as a matter of law, that the restrictions were to expire after one twenty-five year renewal. If paragraph (7) were the only relevant provision in the deed, I might be inclined to agree with the majority opinion. In examining the deed in question, however, I find paragraphs (1) and (2) of the restrictions (quoted in the majority opinion) are also material to the question of the grantor's intention concerning the ultimate duration of the restrictions.

While recognizing the rule stated by the majority that restrictions are generally construed strictly in favor of the grantee and against the grantor, and in favor of the free use of property, I feel there are other, equally well-settled rules of construction that require viewing the provision in question from a different perspective. *See generally*, Annot., 175 A.L.R. 1191 (1948). First and foremost is the rule that the ultimate purpose in construing a deed is to ascertain the intention of the parties, to the end that their purpose may be effectuated. *Newsom v. Newsom*, 378 S.W.2d 842 (Tex. Sup.1964); *Sun Oil Co. v. Burns*, 125 Tex. 549, 84 S.W.2d 442 (1935); *Couch v. Southern Methodist University*, 10 S.W.2d 973 (Tex.Comm'n App.1928, jdgmt. adopted); *Wald v. West MacGregor Protective Association*, 332 S.W.2d 338 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.). The intention of the parties must be gathered from the entire instrument construed as a whole, and not from some isolated clause or paragraph. *Dallas Joint Stock Land Bank v. Harrison*, 138 Tex. 84, 156 S.W.2d 963 (Tex.Sup.1941); *Bumpass v. Bond*, 131 Tex. 266, 114 S. W.2d 1172 (1938); *Williams v. Rabb*, 161 S.W.2d 121 (Tex.Civ.App.—Texarkana 1942, writ ref'd). Courts should seek to harmonize and give effect to all provisions of a contract so that none will be rendered meaningless. *Benge v. Scharbauer*, 152

**538**

Tex. 447, 259 S.W.2d 166 (1953); *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951); *Parker v. Delcoure*, 455 S.W.2d 339 (Tex.Civ.App.— Fort Worth 1970, writ ref'd n. r. e.).

The majority's construction renders meaningless the deed's provisions indicating the grantor's wish that the restrictions should be permitted to continue indefinitely. I cannot agree with this. In order to harmonize all provisions of the deed, the trial court interpreted paragraph (7) in conjunction with paragraphs (1) and (2) to allow indefinite extensions of the restrictions for periods of twenty-five years or less, so long as a majority of the owners on each street agree to do so. Considering the instrument in its entirety, I do not agree with the majority that this interpretation is incorrect as a matter of law. I think the ambiguity in the deed created an issue of fact to be resolved by the trial court. Appellant has attacked the trial court's resolution of that fact issue only by "no evidence" points. I would, therefore, hold that we are bound by the well-settled rule that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it, and a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972 (1951). In determining this question the evidence must be viewed in the light most favorable to appellees, rejecting all evidence favorable to appellants. *Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286 (1951). With these rules in mind, I believe that the language contained in paragraphs (1) and (2) is sufficient evidence to support the trial court's finding as to the intention of the original subdivider. *See Moore v. Smith*, 443 S.W.2d 552 (Tex.Sup.1969).

I would affirm the trial court's judgment.