**MEMORIAL HOLLOW ARCHITECTUR-
AL CONTROL COMMITTEE et
al, Appellants,**

v.

**Frank I. MAPES et ux, Appellees.**

**No. A2488.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 24, 1980.

C. Charles Dippel, Sears & Burns, Houston, for appellants.

Tom E. Beller, Branch, Beller & Lambert, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

Appellants seek to reverse an adverse summary judgment in their suit to enjoin Appellees from altering the construction of their residence alleging a violation of certain restrictive covenants of the Memorial Hollow Addition.

There is no dispute as to the facts. A temporary injunction was first granted in Appellants' favor. Appellees then filed an answer, counterclaim and motion for summary judgment. The temporary injunction was dissolved and the summary judgment granted as to Appellants' cause of action. Appellees then took a non-suit on their counterclaim and the summary judgment became final.

The single issue to be decided on this appeal is whether the trial court erred in ruling as a matter of law that the powers of the Architectural Control Committee expired on June 17, 1979, according to the provisions of section (b) of the original Memorial Hollow Restrictions dated June 17, 1959. That section provides that the building plans, specifications and plot plans of all buildings to be "erected, placed or altered" must first be approved by an Architectural Control Committee which consisted of individuals named in the section or their representatives. That section further provides:

> The duties and powers of such committee, and of its designated representatives, shall cease on and after ten years from date. Thereafter, the approval described in this covenant shall not be required unless, prior to said date and effective thereon, a written instrument shall be executed by the record owners of a majority of the lots in this subdivision and duly recorded appointing a representative or representatives, who shall thereafter exercise the same powers previously exercised by said committee.

It is the construction of the phrase, ". . . thereafter exercise the same powers previously exercised . . ." which must be determined.

Appellees urge that restrictive covenants are to be construed strictly against persons seeking to enforce them, and all doubt must be resolved in favor of the free use of land. However, where the provisions of the restrictive covenants are not ambiguous and not susceptible of two or more meanings such a strict rule of construction need not be applied, and the clear intentions of the parties must be effectuated. *Terrell v. Graham*, 576 S.W.2d 610, 612 (Tex.1979); *Stephenson v. Perlitz*, 532 S.W.2d 954 (Tex. 1976); *Smith v. Moore*, 425 S.W.2d 856, 862 (Tex.Civ.App.—Houston [1st Dist.] 1968), *modified, Moore v. Smith*, 443 S.W.2d 552 (Tex.1969).

■ We find no ambiguity in the provisions of section (b) of the restrictive covenants. The clear intention was that the original Architectural Control Committee or its representatives should serve for a period of ten years from June 17, 1959, until June 17, 1969. Thereafter the same powers exercised by the original committee would be exercisable by a committee appointed prior to the expiration of the term of the original committee. The clear language of the provision may not be read to support Appellees' contention that in granting the ". . . same powers . . .." to such committee those powers could only be exercised for the same time period as that of the original committee. The use of the term "thereafter" allows no other reasonable construction.

By written instrument executed by the owners of a majority of the lots in the subdivision and filed June 10, 1969, the ten present trustees of Memorial Hollow Citizens, Inc. and their successors were appointed to serve as the Architectural Control Committee. Even without the provisions in that instrument that the appointment remain in effect for the duration of the restrictions, the clear meaning of section (b) of the restrictive covenants supports the determination that such committee could exercise its powers until the termination of the restrictive covenants.

■ Appellees contend that the instrument appointing the committee constitutes an amendment and modification of the restrictive covenants and as such is invalid because the restrictive covenants allow for modification or termination only after June 25, 1984. We cannot agree. Wherever possible covenants should be construed to give effect to all of the provisions and to avoid rendering any provision meaningless. *Smith v. Moore, supra.* The reading urged by Appellees would render meaningless that portion of section (b) which provides for the appointment of a new committee prior to the expiration of the ten year term of service of the original committee.

■ Appellees also contend that the appointment of the new committee cannot be effective because restrictive covenants can be modified only by all of the landowners in a subdivision. What we have here is not a modification of the original restrictions but rather an exercise of the powers granted under such restrictions and therefore it is proper.

Appellees rely upon this court's holding in *Edwards v. Southhampton Extension Civic Club,* 540 S.W.2d 535 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.) for their contention that the life and powers of the Architectural Control Committee could be extended only for one additional ten year period. In that case, it was stated in the restrictions at issue that they would apply for a period of 25 years and could thereafter be ". . . extended for a period of twenty-five (25) years or less . . ." indicating, clearly, a single extension. No such language appears in the restrictive covenants at issue in the instant case. Rather, it is provided that the newly appointed committee will ". . . thereafter . . ." exercise the powers of the original committee and further that the restrictive covenants will be effective until June 25, 1984, and then automatically renewed for successive ten year periods absent modification or termination by the owners of a majority of the lots in the subdivision.

Appellees' points are all overruled. Appellants point of error is sustained, and the case is reversed and remanded for trial.